## GERBER vs. ACKLEY.

OFFICIAL BOND.  *Liability of surety upon, extends only to acts done* virtute officii.

In an action against the surety on the official bond given by one L. as village marshal, where the undertaking was that L. would "well and faithfully discharge the duties of the office of marshal," etc., the complaint alleged that L., in his official capacity as marshal, "claiming to have a writ of replevin duly issued by a justice," wrongfully took from the possession of the plaintiff certain personal property, "claiming to act under and by virtue of such writ of replevin;" but it did not aver that L. had any writ in fact.  *Held,* on demurrer, that the complaint does not show any act done by L. in the discharge of his official duty, or *virtute officii,* but merely an act done *colore officii*; and it is insufficient to charge the surety.

APPEAL from the Circuit Court for *Waukesha* County.

After the decision of this case upon a former appeal (32 Wis., 233), the plaintiff amended his complaint, the substance of which is there given, so as to allege that said Ludington, in his official capacity as marshal, etc., claiming to have a writ of replevin duly issued by a justice of the peace of said county, seized and took the property, etc., as such marshal, claiming to act under and by virtue of such writ of replevin.

The defendant demurred to the amended complaint, as not

stating a cause of action, and appealed from an order overruling his demurrer.

*Geo. F. Westover*, for appellant.

*Edwin Hurlbut*, for respondent.

COLE, J. The amendment made to the original complaint has not cured the defect pointed out on the former appeal. 32 Wis., 234. It was there stated that the complaint failed to show that Ludington took the property of the plaintiff therein mentioned, officially as marshal, so as to show a breach of the condition of his official bond. The surety is only liable for official acts done or omitted by the marshal; in other words, for those acts done *virtute officii*. A distinction is taken by the authorities between an act done *colore officii* and one done *virtute officii*. See note to *Coupey v. Henley*, 2 Esp., 540; *Seeley v. Birdsall*, 15 Johns., 267; *Morris v. Van Voast*, 19 Wend., 283. "Acts done *virtute officii* are where they are within the authority of the officer, but in doing them he exercises that authority improperly, or abuses the confidence which the law reposes in him; whilst acts done *colore officii* are where they are of such a nature that his office gives him no authority to do them." PRATT, J., in *The People v. Schuyler*, 4 N. Y., 187. The surety in the case before us undertook that Ludington should "well and faithfully discharge the duties of the office of marshal of said village according to law," etc. It is an official act, a failure to perform an official duty, or performing it in an improper manner, which comes within the scope of the surety's undertaking. The liability of the surety cannot be extended beyond the very terms of the condition of the bond. The act must be an official act, or some default or misconduct as marshal, for which the surety is responsible. *State v. Mann*, 21 Wis., 684. This was the view expressed on the former appeal, when considering the sufficiency of the complaint. Now what is the allegation in the amended complaint upon which the responsibility of the surety is founded? It is in substance

Gerber vs. Ackley.

that Ludington, in his official capacity as marshal, "*claiming* to have a writ of replevin duly issued by a justice," demanded of and took from the lawful possession of the plaintiff, certain personal property, "claiming to act under and by virtue of such writ of replevin." It is not averred that Ludington had a writ of replevin under which he seized the property, so as to give his act an official character. But he "*claimed*" to have process; not that process had been delivered to him which he proceeded to execute in a manner contrary to his official duty. It is sought by the action to make the surety liable for the default or misconduct of Ludington in respect to acts which he was required to perform, or which he did not faithfully discharge as marshal. In order to show that Ludington violated some duty resting upon him as marshal, it must appear that he was acting under process, and not *claiming* to act in the execution of process. If Ludington had a legal writ issued by a justice, which commanded him to seize this identical property, that would afford him full protection, unless he acted wrongfully in executing it. *Griffith v. Smith,* 22 Wis., 646 ; *Battis v. Hamlin,* id., 669. If he had no such writ, he cannot be said to be acting *virtute officii* and in the discharge of an official duty. The other allegations in the complaint tend to repel rather than support the inference that Ludington demanded and took possession of the property under and by virtue of a writ of replevin fair upon its face. For it is alleged that in the action against him for taking the property, he justified by virtue of an alleged writ, but that the court adjudged that he took it wrongfully. That is, the court adjudged that he had no authority for doing what he did do.

For these reasons we thought before, as we think now, that the complaint fails to show a breach of the condition of Ludington's official bond for which the surety is liable.

*By the Court.* — The order overruling the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.