DETROIT SAVINGS BANK v. HERMAN H. ZIEGLER, HENRY
P. BRIDGE, WALTER H. COOTS AND SIDNEY D. MILLER.

*Debt and assumpsit—Liability on bank teller's bond.*

Where debt would lie at common law *assumpsit* may be maintained,
under Comp. L. § 6194, upon a contract under seal, such as the
official bond of a bank teller, even though it be a penal bond without
covenants.

The obligation of an official bond is *strictissimi juris* and nothing can
be taken by construction against the obligors ; the sureties do not
undertake for anything beyond the letter of their contract and are
only liable within its terms.

A bank teller's official bond covers any duties to which in the natu-
ral course of the business of the bank he may be assigned by the
cashier or other proper officer in the temporary absence of the per-
son whose duty it would be to perform them.  So *held* where the
receiving teller in the savings department was assigned, in the tempo-
rary absence of the general teller, to do his work in a bank in which
the money was kept in a common fund.

Error to the Superior Court of Detroit.    Submitted June
13.   Decided October 18.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*John H. Bissell* and *Otto Kirchner* for appellant.  A
bank teller who gives bond for the faithful and honest dis-
charge of the duties of his office violates its conditions if
availing himself of the means and opportunities which his
position affords him he embezzles the money of his employ-
ers :  *People v. Treadway* 17 Mich. 481; *Rochester Bank
v. Elwood* 21 N. Y. 88 ; *Engler v. People's Ins. Co.* 46 Ind.
323; *German American Bank v. Auth* 87 Penn. St. 419.

*Maybury & Conely, Geo. H. Lothrop*, and *John D.
Conely* for appellees.   Covenants cannot be implied against
the sureties on a bond; *Bishop v. Freeman* 42 Mich. 533;
and they cannot be held for money received by their princi-
pal in some other than his official capacity : *Allison v. Bank*

6 Rand. 203 ; *Dedham Bank v. Chickering* 4 Pick. 314 ;
*Magee v. Ins. Co.* 92 U. S. 98 ; *Napier v. Bruce* 8 Cl. &
Fin. 470.

COOLEY, J.   This suit is upon a bond, given by defend-
ant, Herman H. Ziegler, as principal, and the other defendants
as sureties, to secure to the plaintiff the faithful performance
of Ziegler's duties as teller.

The bond is dated February 10, 1877.   The penalty named
is five thousand dollars, and the condition is as follows :

" The condition of this obligation is such, that whereas
the above-bounden Herman H. Ziegler has been appointed
receiving teller savings department, and by the terms of the
by-laws of said bank, is made responsible for all such sums
of money, property and funds of every description, as may
from time to time be placed in his hands by the cashier, or
otherwise come into his possession as receiving teller :

" Now, therefore, the condition of the foregoing obligation
is such that if the said Herman H. Ziegler shall faithfully
and honestly discharge the duties of his said office, and shall
faithfully apply and account for all such moneys, funds
and valuables, and shall deliver the same, on proper demand,
to the board of directors of said bank, or to the person or
persons authorized to receive the same, then the foregoing
obligation shall be void, otherwise to remain in full force and
virtue."

At the time when this bond was given and Herman Zieg-
lier entered upon the performance of his duties, his brother
Charles Ziegler was the general teller of the bank.   As such
he had charge of commercial deposits and payments, and he
was also the superior of Herman Ziegler, whose duty it was to
account to him at the close of each business day for the
money received in the savings department for that day.   It
seems to have been customary in the bank, if for any reason
the general teller was temporarily absent, for the receiving
teller of the savings department to take his place while the
absence continued, and the cashier of the bank testified that
he directed this, and understood it to be the duty of the re-
ceiving teller of the savings department to comply with the
direction.   Such temporary absences occurred while Herman
Ziegler was such receiving teller, and he took his brother's

place while they continued. The case shows that of the moneys which came to his hands while thus temporarily acting for his brother, he embezzled a sum larger than the penalty of his bond. His brother was privy to the embezzlement.

I. This suit is in *assumpsit;* and it is objected that *assumpsit* will not lie. That at the common law the action must have been debt, is conceded ; but the statute provides that "In all cases arising upon contracts under seal, or upon judgments, when an action of covenant or of debt may be maintained, an action of *assumpsit* may be brought and maintained in the same manner, in all respects, as upon contracts without seal." Comp. L. § 6194. Counsel for the defense make an ingenious argument to convince us that this statute is not applicable to a penal bond without covenants. We do not agree in this. We think the intent of the statute is made plain in its words : to permit the action of *assumpsit* to be brought "in all cases" where before an action of debt might be brought on a contract under seal. This is such a contract and such a case.

II. The second objection to a recovery is more specious, and goes to the merits. It is that there has been no breach of the bond. The moneys for which Herman Ziegler failed to account did not, it is said, come to his hands as receiving teller of the savings department of the bank, or in the performance of his duties as such ; but they came to his hands while he was temporarily performing the duties of another office. But this bond is not conditioned that he shall faithfully perform the duties of any other office, or account for moneys that might come to his hands by virtue of any other trust; and his sureties cannot be supposed to have contemplated when they undertook to be responsible for his conduct as receiving teller of the savings department, that they were making themselves responsible for his conduct in some other position, to which he might be assigned, and of which the duties might be different and the responsibilities greater. This, in short, is the argument for the defence.

Abstractly considered, this argument is undeniable. The sureties upon an official bond undertake for nothing which

is not within the letter of their contract. The obligation is strictissimi juris; and nothing is to be taken by construction against the obligors. They have consented to be bound to a certain extent only, and their liability must be found within the terms of that consent. *Paw Paw v. Eggleston* 25 Mich. 36, 40; *Detroit v. Leadbeater* 29 Mich. 24; *Johnston v. Kimball* 39 Mich. 137; *Bullock v. Taylor* 39 Mich. 187; *United States v. Boyd* 15 Pet. 187; *State v. Cutting* 2 Ohio St. 1; *McCluskey v. Cromwell* 11 N. Y. 593; *Urmston v. State* 73 Ind. 175. This is familiar law, and rests on sound reason.

But has this law any application to the facts of this case? The judge of the Superior Court thought it had, and turned the case out of court. We are not satisfied he was correct in this.

The bank, it appears, was one which had two departments; a savings department, and a commercial department. It had for both one cashier and one general teller; and the money does not appear to have been kept separate, but was brought daily into a common fund. The receiving teller was subordinate to the general teller, as well as to the cashier. The exact duties of the receiving teller of the savings department do not seem to have been particularly defined, except as the designation of the office would define them, or as they would be indicated by the condition of the bond. He was to be responsible for all such sums of money, property and funds as the cashier might place in his hands as such teller, and also for all such other money, property and funds as might otherwise come into his hands as such teller. His duty was to account faithfully for all these.

When the teller should stand at his desk and receive savings deposits, he would of course receive them as receiving teller; and it might also be said that he would receive them because they were placed in his hands by the cashier, who, as chief financial officer of the bank, had placed him at that post. But if the defence is correct in the view taken of this officer's duties, it is not very manifest that the cashier could have had any occasion to intrust him with moneys

otherwise. He simply received what was paid in, and handed it over to the general teller. What occasion could have arisen for putting other moneys into his hands as receiving teller merely?

But we think this view is too restricted and narrow. Every such appointment is made with the general course of business in such institutions in mind, and it must contemplate that what is customary will take place. If it is customary for one officer to assist another when the need arises, we must assume that he expected to render such assistance, and that by implication he undertook to do so as a part of his official duty. And if he was bound to have this understanding of his undertaking and his duty, his sureties were bound to have the like understanding.

The number of the officers of a bank will vary with the extent of the business and with its needs. There may be only a president and cashier, but there will commonly be a teller, and there may also be a vice-president, assistant cashier, one or more assistant tellers, and such number of book-keepers, messengers and other assistants as the business may require. When a cashier and a teller are sufficient for all the ordinary needs of the bank, is a cashier performing an official act when, in the temporary absence of the teller, he steps to the teller's place and receives a deposit? Or is the teller acting outside his duty when under corresponding circumstances at the cashier's request he answers the ordinary calls at the cashier's table? We think not.

We think any such interchange of assistance as temporary need may require is fairly within the contemplation of any appointment to such a place, of the undertaking in accepting it, and of any official bond that might be given by the appointee. If this were not so, every officer in a bank would require an assistant, or the business of the bank would come to a stop whenever temporary illness or any necessity whatever should, for any time however short, take him from his desk. We agree entirely with the defense that it is not legally competent to impose new duties upon an officer to the prejudice of his sureties, but we do not think such

a temporary assignment is a case of that nature. The officer is merely giving the temporary aid which must have been contemplated in his employment; and if he were to refuse to give it when having no better reason than that he did not consider it a part of his business, he would have been likely to be regarded by his superiors as altogether too unaccommodating for their purposes. It would not be too much to expect a dismissal under such circumstances.

We need not say whether a dismissal would be strictly justifiable, for we do not think the needs of this case require a decision upon that point. It is enough in this case to note that Herman Ziegler did not refuse. As receiving teller of the savings department he was called upon to take the place of the general teller temporarily, and he took it and received moneys which he embezzled. These moneys were confided to him by the cashier, because of his being such receiving teller, and, because in the opinion of the cashier, which Ziegler himself did not contest, it was proper that he should receive them under the circumstances. They therefore came to his hands, because of his office and under circumstances justifying their being confided to him as such. The cases of *Minor v. Mechanics' Bank* 1 Pet. 46; *Rochester City Bank v. Elwood* 21 N. Y. 88; and *German American Bank v. Auth* 87 Penn. St. 419, are in point.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.