THE STATE *ex rel.* CHASE *et al.*, *Appellants*, v. DAVIS *et al.*

**Sheriff Acting as Trustee in Deed of Trust, Liability of Sure-ties of.** Where parties in a deed of trust provide that in the event the trustee named therein shall refuse to act the then sheriff of the county shall execute the trust, and the trustee refuses to act, and the sheriff sells the land and fails to pay over a portion of the proceeds, his sureties are not liable on his official bond for such failure. But it would be otherwise if the sheriff were appointed in an appropriate proceeding by the circuit court to execute the trust.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*James Carr* and *H. S. Priest* for appellant.

(1) If the *cestui que trust* had filed an *ex parte* pe-tition in the circuit court of Randolph county to have

had Sheriff Williams appointed to execute the trust described in the petition, and said court had appointed him, there is no doubt about the liability of the sureties on his official bond, if he had failed to pay over the money received from a sale under a deed of trust. *Tatum v. Holliday*, 59 Mo. 423 ; *State ex rel. v. Griffith*, 63 *Id.* 545 ; *State to use, etc., v. Taylor*, 6 Mo. App. 277 ; R. S., sec. 3929, *et seq.* (2) Sheriff Williams was chosen by the parties to the deed of trust, to execute it in the event the original trustee refused to execute it. He was chosen solely because he was sheriff, and had given good sureties on his official bond, upon whom the parties interested in the deed of trust could rely to make good any official delinquency of said Williams. *State v. Moore*, 19 Mo. 369 ; *State v. Powell*, 44 *Id.* 436. (3) Williams never could have acted under said deed of trust, and sold the property embraced therein, if he had not been sheriff. There is no difference in principle between Sheriff Williams acting under an *ex parte* order of the circuit court of Randolph county, in which event the sureties would have been liable beyond all peradventure, if there had been a delinquency, such as is developed by the record in this case, and Sheriff Williams, acting under said deed of trust, without such order, and solely because he was sheriff.

*Ben. T. Hardin* for respondents.

(1)   The court below did right in sustaining the demurrer to plaintiff's petition. *Governor v. Perrine*, 23 Ala. 807 ; *Schloss v. White*, 16 Cal. 65 ; 10 Mo. 559 ; *Nolley v. Callaway Co.*, 11 Mo. 447 ; *State v. Boon*, 44 Mo. 254 ; *St. Louis v. Sickles*, 52 Mo. 122 ; *State v. Johnson*, 55 Mo. 80 ; *State v. Dallas*, 72 Mo. 331 ; *City v. Porter*, 76 Mo. 358 ; *U. S. v. Kirkpatrick*, 9 Wheat. 720 ; *People v. Pennock*, 60 N. Y. 421 ; *Saltenberry v. Loucks*, 8 La. An. 95 ; *Hill v. Kemble*, 9 Cal. 71 : *Scott v. State.*

46 Ind. 203 ; Brandt Sur. & Guar., sec. 483 ; 43 Wis. 78 ; 10 Rep. 497 ; 46 Am. Dec. 506. (2) The cases in 59 Mo. 422, 63 Mo. 545, and 6 Mo. App. 277, cited by appellants, simply go to the extent of holding the securities on the official bond of a sheriff liable for money coming into his hands from sales made under deed of trust, where the sheriff had been appointed by the court to act under the statutes, and was carrying out an order of court as an officer. It is the appointment by the court under the statute that makes the sheriff act officially: "For the non-payment of money, unless received rightfully or wrongfully, *under color of official right*, there can be no responsibility on the bond." *Com. v. Cole*, 7 B. Monroe, 250 ; *Sherwood v. Saxton*, 63 Mo. 78. (3) "Obligations of sureties cannot be extended by implication." 10 Mo. 559 ; *Nolley v. Callaway*, 11 Mo 447 ; *St. Louis v. Sickles*, 52 Mo. 122 ; *State v. Johnson*, 55 Mo. 80 ; *State v. Dallas*, 72 Mo. 331 ; *State v. Boon*, 44 Mo. 254 ; *Harrisonville v. Porter*, 76 Mo. 358. The bond of Williams is conditioned on the faithful discharge of the duties imposed upon him by law as sheriff ; and the obligation of the sureties to such bond cannot be so extended as to include neglect in matters wholly unconnected with official duty. *U. S. v. Kirkpatrick*, 9 Wheat. 720 ; *People v. Pennock*, 60 N. Y. 421 ; *Saltenberry v. Loucks*, 8 La. An. 95 ; *Nolley v. Callaway Co.*, 11 Mo. 462 ; *Hill v. Kemble*, 9 Cal. 71 ; *Scott v. State*, 46 Ind. 203 ; *St. Louis v. Sickles*, 52 Mo. 122, 127.

SHERWOOD, J.—This is a suit against the sureties of a sheriff on his official bond. The alleged delinquency for which they are sought to be made liable consists in the facts that certain parties, by a certain deed of trust, agreed and provided that in the event that Shackelford, the trustee, refused to act, that the then sheriff of Randolph county should execute the trust; that Shackelford refused to act, and the principal in the bond, Williams,

the then sheriff, as substituted trustee, sold the land under the deed of trust, and failed to pay over a portion of the proceeds.

The question propounded by the demurrer is, do these facts, thus briefly outlined, constitute a cause of action against the sureties? The answer is: No! We have had in this state, ever since 1849, a provision whereby if a trustee in a deed of trust failed to act, the parties in interest might by appropriate procedure have the circuit court to appoint the sheriff of the county to act in the room and stead of the recalcitrant trustee. 2 R. S. 1855, p. 1554. This being the case, whenever, thereafter, a sheriff was elected and gave bond, he and his sureties were presumed to bear in mind the contingency mentioned by the statute, and to contract in reference thereto ; for whatsoever the law annexes as the incident of a contract, becomes thereby as much a part and parcel thereof as if in terms inserted therein. *State ex rel. v. Berning*, 74 Mo. 87. Hence it has been held by this court that when, in the circumstances mentioned, a sheriff sold land under a deed of trust, he acted *colore officii*, and his sureties were bound for any of his official derelictions. In ruling thus the sureties were not held liable beyond the strict letter of their contract.

Here, however, a widely different case is presented. Parties by a private contract appoint beforehand whosoever, at an indefinite time in the future, may happen to be sheriff, to sell land under a deed of trust in case, etc. Who conferred authority on these private individuals to engage the liability of third persons, who happened to be sureties on a sheriff's bond ? Suppose that the sheriff should fail to act in such case, would action lie on his bond for his failure in this regard? Clearly not. And why not? Because the law did not, at the time the sheriff gave bond and entered upon the duties of his office, charge him or his sureties with any burden which private individuals might see fit to agree among them-

selves to cast upon him. Nor did his sureties, by their signatures to the bond of their principal, sanction on his part, or assume on their own, any such obligation.

The authorities cited for defendants, as well as reasons the most obvious, fully sustain the action of the trial court, and the judgment is affirmed. All concur.