[Civil No. 438.   Filed May 30, 1897.]

[50 Pac. 116.]

## W. T. GRAY et al., Defendants and Appellants, v. DANIEL NOONAN, Plaintiff and Appellee.

1. OFFICE AND OFFICERS — SHERIFF — DAMAGES — CONVERSION OF PROPERTY—LEVY OF EXECUTION—EVIDENCE—ADMISSIBILITY—JUDGMENT IN FORMER ACTION WHERE MEASURE OF DAMAGES DIFFERENT.—In an action by Daniel Noonan against Gray, as sheriff, and the sureties of his official bond, for damages caused by the levy of an execution against Mrs. J. A. Noonan, on certain personal property belonging to plaintiff of the value of $1,395, to which defendants

pleaded a general denial, a judgment-roll in a former case of plaintiff against one Gray individually which shows that such judgment was on a complaint for the value of the property and for injury to the business of plaintiff is not competent evidence of the value of the property taken, that being the sole measure of damages in the present case.

2. SAME—SAME—SAME—EVIDENCE—JUDGMENT—IDENTITY OF PARTIES—ADMISSIBILITY.—Where there is no evidence to show that in the judgment in a former case rendered against Gray individually the said Gray is the Gray, sheriff, named as defendant in the present suit, such judgment-roll is inadmissible.

3. SAME—SAME—SAME—SAME—EXECUTION—FAILURE TO SHOW CONVERSION.—In an action against a sheriff and his sureties for conversion of property by said sheriff, where the execution under which it is alleged he took possession of the property fails to show that it was ever in his hands or those of his deputies, and there is no other evidence that such sheriff took possession of such property as an individual or at all, judgment should go for the defendants.

4. SAME — SAME — OFFICIAL BONDS — SURETIES — LIABILITY FOR ACTS UNDER COLOR OF OFFICE AS WELL AS BY VIRTUE OF OFFICE.—The weight of authority and the better reasons are in favor of holding the sureties on the official bond of a sheriff responsible for acts of such sheriff done *colore officii* as well as those done *virtute officii.*

5. SAME—SAME—SAME—SAME—EVIDENCE —ADMISSIBILITY — JUDGMENT AGAINST SHERIFF INDIVIDUALLY.—In an action against a sheriff and sureties upon his official bond for conversion of property by such sheriff, evidence of a judgment against such sheriff as an individual for the conversion of the same property is not admissible as against the sureties, the parties to such judgment alone being bound thereby.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Reversed.

Statement of facts:—

On July 5, 1892, the appellee, Daniel Noonan, filed his complaint in the district court of Maricopa County against the appellant W. T. Gray as sheriff of said county, on the official bond of said Gray, and against the other appellants as his sureties on said bond. Two separate causes of action were set up in said complaint. In the first cause appellee here (plaintiff below) claimed damages against the appellants here (defendants below) in the sum of $1,395, for an alleged unlawful seizure and sale by Gray, as sheriff, under and by virtue of a certain execution issued against one J. A. Noonan,

of certain personal property claimed by plaintiff, enumerated, described, and particularly set forth in said cause of action. In the second cause of action in said complaint, plaintiff claimed damages, actual and exemplary, against defendants, in the sum of sixteen hundred dollars, for the seizure and sale, under the execution referred to in the first cause of action, of property exempt from execution, because it belonged to plaintiff, and that, as plaintiff was the head of a family, said property was exempt from execution. To said complaint, on May 29, 1893, defendant ·Gray filed a separate answer, setting up three distinct defenses, viz.: First, a plea of *res judicata;* second, a plea of election and estoppel; third, a general denial. In said plea of *res judicata* he alleged that on the twenty-first day of February, 1891, in an action then pending in the district court of Maricopa County between plaintiff, Daniel Noonan, and the defendant W. T. Gray, a final judgment was rendered for said plaintiff against said defendant; that said suit is numbered 1,232; that it was for the same cause of action as that now pending, and was against defendant as an individual, and not as sheriff. He further alleged as a part of said plea that the judgment in said case numbered 1,232 was final, and remained in full force. As a plea of election and estoppel, he alleged that case numbered 1,232 was against him as an individual, and not as an officer; that in that case plaintiff had judgment against defendant, as an individual, for damages for seizing and converting to his own use the same identical property for which judgment is asked in this action. The other appellants filed a joint answer, in which they set up four defenses, viz.: First, a plea of *res judicata;* second, a plea of election and estoppel; third, a plea justifying the seizure and sale under execution of the property claimed by plaintiff (appellee), for the reason that said property was the separate property of Mrs. J. A. Noonan, and not the property of plaintiff, and that plaintiff had by his conduct estopped himself from claiming any interest therein, or in claiming that said Gray had taken said property as sheriff; fourth, a general denial. Plaintiff, after the answers were filed, dismissed all the causes of action set up in his complaint, excepting the first, and filed demurrers to the answers of defendants. The demurrers were sustained, and all the defenses set up in the answers were stricken out, excepting

the general denial. The case was tried by a jury, and plaintiff offered in evidence the official bond of said Gray as sheriff of Maricopa County, on which the other defendants were sureties. Then he introduced in evidence the judgment-roll in case No. 1,232,—Daniel Noonan, Plaintiff, v. W. T. Gray, Defendant; the judgment therein being for $1,217.77, of date February 21, 1891, with interest at seven per cent per annum, and costs at $8.65. Plaintiff offered in evidence an execution on said judgment, with the return of the sheriff thereon as follows: "Office of Sheriff of Maricopa County. I hereby certify that I received the within execution on the 9th day of June, at 4:10 P. M., and hereby return the same not satisfied, having, after due search and inquiry, failed to find any property belonging to the within-named defendant in Maricopa County. Dated June 24th, 1892. J. B. MONTGOMERY, Sheriff, by A. Barry, Deputy." Plaintiff was then sworn as a witness, and testified that he had never been paid any part of the amount of the judgment in case No. 1,232. Plaintiff then introduced in evidence an execution dated July 7, 1890, for $191, with interest and costs, for the amount of a judgment in a case No. 1,163 in the district court of Maricopa County, in which I. N. Jacoby and others were plaintiffs, and Mrs. J. A. Noonan defendant. This was all the evidence offered by plaintiff. The complaint of plaintiff in the judgment-roll of case No. 1,232 was an action for damages against the defendant W. T. Gray for the conversion by him of apparently the identical personal property described in the complaint in this action, for the sum of $1,170, the alleged value thereof, and for damages for the wrongful taking of said property in the sum of six hundred dollars; and plaintiff further alleged therein that, by reason of the wrongful act of defendant, plaintiff's business had been broken up, and for that wrong he had been damaged in the further sum of five hundred dollars. For all of said damages plaintiff asked judgment for $1,030 for the value of the said property, and for six hundred dollars as special damages. After the close of the evidence the court instructed the jury to return a verdict for the plaintiff for the sum of $1,217.77, the amount of the judgment in case No. 1,232, with interest thereon at seven per cent per annum from the date of said judgment, viz.: February 23, 1891. A verdict was returned in accordance with said in-

struction, and judgment entered accordingly, from which defendants appeal.

W. H. Williams, Cox & Street, and J. F. Moriarty, for Appellants.

Perley & Hancock, for Appellee.

ROUSE, J. (after stating the facts).—This is an action by Daniel Noonan on the official bond of W. T. Gray, as sheriff of Maricopa County, against said Gray and his sureties on said bond, for damages caused by the levy of an execution, in a case against one Mrs. J. A. Noonan, on certain described personal property, alleged to be the property of plaintiff, of the alleged value, in the aggregate, of $1,395, and taking, carrying away, and converting said property to the use of said Gray. Plaintiff further alleged as a second cause of action that he was the head of a family, and claimed the property as exempt from execution. He further alleged that he had recovered a judgment against said Gray in case No. 1,232 for the sum of $1,217.77, for damages which plaintiff had sustained by the unlawful seizure and sale of the said personal property; that execution hád been issued thereon, and returned, "No property found"; that defendant Gray was insolvent and worthless; and that no part of said judgment had been paid, to plaintiff's damage in the sum of fourteen hundred dollars. The plaintiff dismissed his second cause of action, and demurrers having been sustained to the defendants' answer, leaving as defenses thereto the general denial only, the trial was had on the complaint as thus amended, and defendants' general denial. The only evidence offered of the value of the property described in the complaint and the damages sustained by plaintiff was the judgment-roll of said case No. 1,232, in which case a judgment for $1,217.77 was rendered. Said judgment was rendered on a complaint which alleged the value of the property therein described to be $1,170; damages for taking the same, six hundred dollars; and the damages to plaintiff's business in the sum of five hundred dollars. The damage sustained as alleged in this complaint is the value of the property taken. The said judgment-roll shows that the judgment in that case was on a complaint for the value of the property, and for injury to

business of plaintiff, etc. Said judgment-roll does not show the value of the property. The measure of damage in this case is the value of the property. That is the measure of damages ordinarily. Mechem on Public Officers, secs. 774, 783. There is no evidence in the record that Gray, as sheriff, took the property described in the complaint, or any part of it. The execution introduced by plaintiff in evidence, issued on the judgment in case No. 1,163 against Mrs. J. A. Noonan, on which it is alleged in this complaint that the property of the plaintiff was seized by Gray, does not show that it was ever in the hands of Gray or of any of his deputies, and there is no other evidence that Gray took possession of said property as an individual, or as an officer, or at all. Without such proof the judgment should have been for the defendant. The judgment-roll in case No. 1,232 shows that that action was against Gray as an individual, for damages caused by his acts as an individual, in taking and carrying away the personal property of plaintiff, and for other damages caused by Gray's personal conduct. That judgment, without evidence to connect it with the suit at bar, should not have been given to the jury. There is nothing in this record to show that the Gray in the suit referred to is the same individual who is one of the defendants in this case. The identity of the said individual was stricken out by the demurrers to the respective answers. There is no evidence in this case that the property described in this complaint was taken from plaintiff by Gray in person, or by a deputy, or that plaintiff had been deprived of said property by any one. There is no evidence of any value of said property, or of any damages to it, or of any conversion thereof. The judgment-roll in case No. 1,232 shows that a judgment was rendered for $1,217.77 in a case in which one Daniel Noonan was plaintiff and one W. T. Gray was defendant; that certain described property was taken, of a certain value; that certain damages were sustained. But there is nothing to show what part of the judgment was for the value of the property, or what part was for the damages claimed in said complaint. The present suit is for damages based on the value of certain personal property described in the complaint, alleged to have been taken from plaintiff by W. T. Gray as sheriff. Said judgment-roll shows that said action and judgment were against Gray as an individual;

hence, without evidence to connect said judgment with the allegations in this complaint, said judgment-roll was not evidence in this case.

A distinction has been made between the acts of officers. Certain acts are said to be done *virtute officii,* and others *colore officii.* For acts of the latter class it is held in many states that the sureties are not responsible. Where a sheriff with an execution against A seizes the property of B, the said act is of the latter class. The weight of authorities and the better reasons are in favor of holding the sureties responsible for acts falling under that class also. But the contract of sureties upon an official bond is subject only to the strictest interpretation. *Detroit Sav. Bank* v. *Ziegler,* 49 Mich. 157, 43 Am. Rep. 456, 13 N. W. 496; *United States* v. *Boyd,* 15 Pet. 187. Their liability is to be limited to the official acts of the principal only, and is by no means an undertaking against every act that he may chance to commit. *Gerber* v. *Ackley,* 37 Wis. 43, 19 Am. Rep. 751; *State* v. *Davis,* 88 Mo. 585; *Clark* v. *Lamb,* 76 Ala. 406. The sureties do not bond themselves against every act of their principal. It is an official act, a failure to perform an official duty, or performing it in an improper manner, which comes within the scope of the sureties' undertaking. For acts not within the line of official duty and authority, not under color of office, the officer may incur personal, not official, responsibility. *Gerber* v. *Ackley,* 37 Wis. 43, 19 Am. Rep. 751. In that personal responsibility the sureties on his official bond are not involved. *Gerber* v. *Ackley,* 37 Wis. 43, 19 Am. Rep. 751; *State* v. *Conover,* 28 N. J. L. 224, 78 Am. Dec. 54. Excepting the description of the property and the name of the plaintiff in the judgment-roll in case No. 1,232 and the complaint in this action, the name "W. T. Gray" in both actions as a defendant, there is nothing in the record to connect said judgment-roll with the suit at bar. If, however, the conclusion should be that there were facts in evidence sufficient to show that the Gray in both cases was the same individual, and the property described in both actions was the same property, still, for the reason that this action is for damages for the value of the property taken, and the judgment in said case No. 1,232 was for damages other than for the value of the property, it was error to instruct the jury to find a judgment in this case for

the value of the property in the amount of the judgment in said case No. 1,232. The only judgment that could have been given in the case at bar would have been one for the value of the property according to the allegations of the complaint and the evidence on the trial. Again, the suit and judgment in case No. 1,232 were against Gray as an individual. It was such an action as plaintiff had the right to maintain against Gray as an individual. The wrongs complained of therein were such as Gray as an individual could perform. It was therefore an action in which the other defendants were not concerned. The parties thereto alone were bound by it. It was not a necessary proceeding to establish plaintiff's claim on Gray's bond, or a prerequisite to plaintiff's right of action on the bond; hence, whatever may be held as the rule with reference to the weight to be given to a judgment against the principal, and offered in evidence in an action against the sureties, this judgment was not evidence in the case at bar. If it had been a judgment against Gray as sheriff, or for acts alleged to have been performed by him as sheriff, then it would be necessary to determine the effect of said judgment, and whether it was proper and effectual as a plea of *res judicata.* A judgment against a sheriff cannot be offered in evidence in a suit against his sureties on his bond. *Pico* v. *Webster*, 14 Cal. 203. We hold that in order to sustain the judgment in this case the evidence must be sufficient to support the allegation of the complaint without the aid of the judgment-roll in case No. 1,232. With this view of the case, it is not necessary for us to determine whether the action in case No. 1,232 constituted an election of remedies by plaintiff, and as such worked an estoppel. Neither is it necessary to decide whether or not, after plaintiff has recovered his judgment against a sheriff, he can thereafter maintain an action against him and the sureties on his bond jointly. The judgment of the district court is reversed, and the case is remanded for a new trial.

BETHUNE, J.—I concur in the foregoing opinion and judgment reversing the judgment of the lower court. I do not concur in the broad, unqualified proposition that a judgment against a sheriff cannot in any case be offered in evidence in a suit against his sureties on his official bond.