STATE OF MISSOURI ex rel. ZIMMERMAN, Appellant, v. JOHN F. SCHAPER et al., Respondents.

Springfield Court of Appeals, January 3, 1911.

1. **CONSTABLES: Action on Bond: Liability for Damages by Property in Constable's Custody.** A deputy constable arrested some parties charged with the offense of keeping dangerous explosives concealed in a dwelling house. When the arrest was made the parties had in their possession a quantity of dynamite, and the constable took the dynamite and stored it in another building in a thickly settled locality, where, during a fire, it exploded and killed a fireman. In an action on the constable's bond for the death of the fireman, it is *held* that the deputy constable acted as a private individual in taking charge of the dynamite, and that the bondsmen were not liable.

2. ———: ———: ———. Section 5325, Revised Statutes 1909, does not make it the official duty of a constable to keep all property that may come into his possession, and unless acquired in some of the manners specified in said section, the custody of said property is as an individual, and not as an officer, and an action will not lie on the constable's bond for damages from such property held by the constable as an individual.

3. **GUARANTY AND SURETY: Bond: Actions on Bonds.** Where the rights of sureties are involved, courts will not extend the construction of an instrument beyond its plain and obvious meaning. The meaning of this rule is that the surety's obligation cannot be extended to other subjects, persons or periods of time than those expressed or necessarily included in his contract.

4. OFFICERS: Bonds: Liability of Surety. The sureties of a public officer are only responsible for his performance of the duties assigned by him by law.

Appeal from St. Louis Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

L. *Frank Ottofy* for appellant.

(1) An official act is any act done by an officer in his official capacity under color and by virtue of his office. The dynamite was properly alleged to have been stolen, hence the duty of keeping it safely devolved on the defendant, Schaper, as constable. R. S. 1909, sec. 5325; State ex rel. v. Griffith, 63 Mo. 545; State ex rel. v. Ryland, 163 Mo. 280; Kansas City ex rel. v. Minor, 89 Mo. App. 617; Turner v. Sisson, 137 Mass. 191. (2) Whenever in the execution of the duties of his office, by his act or omission to do an act, injury to another ensues, the officers and his sureties are liable on the official bond, and it is immaterial that the act was done or omitted by a deputy. State v. Edmundson, 71 Mo. App. 172; State to use v. Moore, 19 Mo. 369; St. Louis County Court ex rel. v. Fassett, 65 Mo. 418; 25 Am. and Eng. Ency. of Law (2 Ed.), 676. (3) The highest degree of care consistent with human foresight must be exercised by persons handling dangerous explosives, and the storing of the same in a thickly settled community is negligence *per se*. This is true though the explosives are handled by a servant or agent in an emergency. Laflin v. Turvey, 131 Ill. 322; McAndrews v. Collerd, 36 Am. Rep. 508; Cheatham v. Shearon, 1 Swan 213, 55 Am. Dec. 734; Wilson v. Powder Mfg. Co., 40 W. Va. 413, 52 Am. St. Rep. 890; Rudder v. Koopman, 116 Ala. 333; Myers v. Malcolm, 6 Hill 292; Kerbaugh v. Caldwell, 10 Am. and Eng. Cases 455, 151 Fed. 194; Wright v. Railroad, 27 Ill. App. 200.

*R. L. Johnson* and *R. L. Shackelford* for respondents.

GRAY, J.—This is an action commenced on the 16th day of August, 1907, on the official bond of John F. Schaper, constable of Carondelet township, in St. Louis county, to recover five thousand dollars for the death of Albert F. Zimmerman. The circuit court refused to submit plaintiff's case to the jury, and the cause is here on plaintiff's appeal.

The evidence tended to prove that some time prior to the death of the deceased, which occurred on the 28th day of April, 1907, the deputy constable had arrested some parties charged with the offense of having dangerous explosives concealed in a dwelling place or usual place of abode. When the officer arrested the parties they had in their possession a quantity of dynamite. The officer took it from them and deposited it in a building in a locality which was thickly settled and inhabited by a large number of persons. On the 26th day of April, 1907, the justice discharged the parties, and no further proceedings were pending against them. On the 28th day of April, a fire broke out in the building adjoining the one in which the dynamite was stored. The deceased appeared at the place of the fire as a member of the fire department, for the purpose of assisting in extinguishing the fire. While the members of the fire department and others were trying to extinguish the fire, the dynamite exploded, on account of the fire, and Zimmerman received injuries from which he died.

The petition alleged that Christian Noerper was a justice of the peace, and that certain persons were brought before him charged with the crime of larceny, and that their trial was postponed, and that a large quantity of dynamite and dynamite caps which were dangerous explosives, were required before the said justice as evidence of the said crime, and that the defendant, in the discharge of his duties as constable, took

charge of the said dynamite to hold the same as evidence against the persons suspected of having stolen the same, and it thereupon became the duty of the said defendant to safely keep the said dynamite. The evidence shows that the charge against the persons was not larceny, but was based on section 6543, Revised Statutes 1909, wherein it is made a misdemeanor for a person to have in his possession dynamite under certain circumstances. Section 5325, Revised Statutes 1909, reads as follows: "When property alleged to have been stolen, purloined, embezzled or obtained by false pretenses, or to have been obtained in any of the modes specified in the article concerning offenses against public and private property, shall come into the custody of any sheriff or constable, he shall hold the same subject to the order of the court or officer authorized to direct the disposition thereof."

It was evidently the intention of the plaintiff to base his right of action on a breach of this statutory duty by the defendant constable. As we have stated, the petition alleges that the parties before the justice were charged with the offense of larceny, in that they had stolen the dynamite, and that the same came into the possession of the constable to be held by him as such officer, and it was his duty to safely keep the same. The statute just quoted does not make it the official duty of the constable to keep all property which may come into his possession. It was not shown by the evidence that the property had been stolen or acquired in any of the manners specified in section 5325. It was, therefore, no part of the official duty of the constable to take possession of the property or to keep the same.

In determining the liability of the sureties, the conditions of the constable's bond must be considered. It reads as follows: "Now, if the said John F. Schaper, will execute all process to him directed and deliver and pay over all moneys received by him by virtue of his of-

fice and discharge the duties of constable according to law then this obligation shall be void."

When he took charge of the dynamite he was not performing any duty as constable of the township. It makes no difference that he thought he was. [State ex rel. v. Dierker, 101 Mo. App. 636, 74 S. W. 153.]

Where the rights of sureties are involved, courts will not extend the construction of an instrument beyond its plain and obvious meaning. The meaning of this rule is that the surety's obligation cannot be extended to other subjects, persons or periods of time than those expressed or necessarily included in his contract. [Fisse v. Einstein, 5 Mo. App. 78.]

The sureties of a public officer are only responsible for his performance of the duties assigned by him by law. [Nolley v. Callaway County, 11 Mo. 447; State ex rel. v. Cheaney, 52 Mo. App. 258; State ex rel. v. Davis, 88 Mo. 585; City of Harrisonville v. Porter, 76 Mo. 358; St. Louis v. Sickles, 52 Mo. 122; State to use v. Johnson, 55 Mo. 80.]

If the evidence showed that the parties in the criminal case before the justice had in their possession property alleged to have been stolen, and that the same was turned over to the constable for safe keeping, as the statute authorizes, then another question would be presented, and it will not be necessary for us to determine whether the sureties would be liable on his bond if the dynamite turned over to the constable under such circumstances was by him stored in a place where it was liable to explode and injure persons. There was no statute authorizing or making it the duty of the constable to take charge of the dynamite, and in doing so he was acting as a private individual and was keeping it in order that it might be used as evidence against the parties charged on their trial. It was not taken in his possession in the discharge of any duty as constable, and therefore, his sureties on his official bond are not liable.

The plaintiff in bringing his suit undoubtedly recognized the correctness of this position, as he charged in his petition that the property had been stolen, and that it was turned over to the constable and it became his duty to safely keep the same. The evidence failed to support the allegation, and the trial court correctly held that plaintiff was not entitled to recover.

The judgment will be affirmed. All concur.