(June 1, 1922.)

CHRISTIAN HAFFNER and FREDERICKA HAFFNER, Respondents, v. UNITED STATES FIDELITY AND GUARANTY CO., a Corporation, Defendant, and D. B. JEFFRIES, as Sheriff of Power County, and D. B. JEFFRIES and I. ALLRED, Appellants.

[207 Pac. 715.]

C. S., SEC. 6662—ACTS DONE IN VIRTUE OF OFFICE—ACTS DONE IN COLOR OF OFFICE—VENUE OF ACTION.

1. Acts done *"virtute officii"* are those within the authority of the officer, when properly performed, but which are performed improperly; acts done *"colore officii"* are those which are entirely outside or beyond the authority conferred by the office.

2. When a complaint contains two causes of action, one of which is based upon an act done by a public officer in virtue of his office, the other of which is based upon an act done by him not in virtue of his office, the case properly falls within the provisions of subd. 2 of C. S., sec. 6662.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Plaintiffs seek to recover damages for taking of property and making of arrest by sheriff. Motion for change of venue denied. *Affirmed.*

W. G. Bissell and W. C. Loofbourrow, for Appellants.

"Acts done by virtue of office are where the acts are within the authority of the officer, but in doing it. he exercises that authority improperly, or abuses the confidence which the law reposes in him, while acts done by color of office are where they are of such a nature that his office gives him no authority to do so." (*Feller v. Gates,* 40 Or. 543, 91 Am. St. 492, 67 Pac. 416, 56 L. R. A. 630; *Gerber v. Ackley,* 37 Wis. 43, 19 Am. Rep. 751; *State v. Fowler,* 88 Md. 601, 71 Am. St. 452, 42 Atl. 201, 42 L. R. A. 849; *Renfroe v. Codquitt,* 74 Ga. 618; *Broughton v. Haywood,* 61 N. C. 380; *Seeley v. Birdsall,* 15 Johns (N. Y.) 267; *State ex rel. West v. McCafferty,* 25 Okl. 2, 105 Pac. 992, L. R. A. 1915A, 639; *Leger v. Warren,* 62 Ohio St. 500, 78 Am. St 738, 57 N. E. 506, 51 L. R. A. 193; *People v. Schuyler,* 4 N. Y. 173; *State v. Fowler,* 88 Md. 601, 71 Am. St. 452, 42 Atl. 201, 42 L. R. A. 849; *Decker v. Judson,* 16 N. Y. 439.)

An examination of the complaint will show that it is predicated first upon the actions of the sheriff "done by color of office" and not upon any act done by him "by virtue, or in virtue of his office," and that the cause of action as against the defendant Allred is predicated upon his assistance of the sheriff, not in the duties of his office, but, in the violation of the duties of his office; therefore, this cause should be remanded with orders to the trial court to grant demand for change of venue to Power county.

C. O. Benting, for Respondents.

A party cannot avoid responsibility by pleading his own misfeasance. (*Turner v. Billagram,* 2 Cal. 523.)

If he could commit only legal acts "in virtue of his office," plaintiff would "have no cause of complaint." (*State ex*

*rel. Stephens v. District Court*, 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268.)

McCARTHY, J.—The complaint contains two causes of action. The material facts alleged in the first are that appellant Jeffries, while sheriff of Power county, with the assistance of appellant Allred, took from respondents' possession in Bannock county certain of their personal property, representing that appellant Jeffries had the right so to do by virtue of power vested in him as such sheriff, and by virtue of a warrant for the arrest of respondent Christian Haffner. Respondents seek to recover of appellants as damages for the taking of said property the sum of $1,100. The second cause of action is for false arrest and imprisonment. Respondents allege that on July 30, 1917, appellant Jeffries, as sheriff of Power county, with the aid of appellant Allred, arrested respondent Christian Haffner at his home in Pocatello, Idaho, and took him to American Falls, Power county, Idaho, where they placed him in jail; that they failed to present him before the justice of the peace by whom the warrant of arrest was issued, or before any magistrate, but detained him in jail for 24 hours, and then released him; that they arrested said respondent for the purpose of obtaining possession of the property mentioned in the first cause of action. Respondents seek to recover $3,000 damages on the second cause of action.

The action being brought in Bannock county, Idaho, the defendants filed a motion for change of venue to Power county, Idaho, upon the ground that appellants Jeffries and Allred were residents of the latter county. From an order of the district court denying said motion this appeal is taken.

Appellants Jeffries and Allred have a right to a trial in the county of their residence unless the nature of the action brings it within the provisions of subd. 2 of C. S., sec. 6662, which reads as follows:

"Sec. 6662. Actions for the following causes must be tried in the county where the cause, or some part thereof,

arose, subject to the like power of the court to change the place of trial: . . . .

"2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

The phrase "the like power of the court to change the place of trial" refers to the provisions of C. S., sec. 6666. These are not involved in this case. Appellants contend that the acts of appellant Jeffries in taking possession of the property and arresting Christian Haffner were not done by him in virtue of his office; that the acts of appellant Allred in assisting him were not done by him in aid of the sheriff in a matter touching his duties as such officer. They cite a line of decisions involving the liability of sureties on official bonds, holding that they are liable for acts of the principal *virtute officii*, but not for acts *colore officii*. They rely upon these decisions for a definition of the phrase "any act done by him in virtue of his office" as used in our statute. Acts done "*virtute officii*" are those within the authority of the officer, when properly performed, but which are performed improperly; acts done "*colore officii*" are those which are entirely outside or beyond the authority conferred by the office. (*People v. Schuyler*, 4 N. Y. 173, 187; *Burrall v. Acker*, 23 Wend. (N. Y.) 606, 35 Am. Dec. 582; *Gerber v. Ackley*, 37 Wis. 43, 19 Am. Rep. 751; *Feller v. Gates*, 40 Or. 543, 91 Am. St. 492, 67 Pac. 416, 56 L. R. A. 630.) Appellants argue that neither the arrest of Christian Haffner nor the taking of the property was an act done by appellant Jeffries in virtue of his office, and that appellant Allred did not aid the sheriff in a matter touching the duties of his office. The supreme court of Montana has said: "Where the defendant as warden of the state penitentiary wrongfully ordered the plaintiff while a convict to be manacled, assaulted and placed in solitary confinement and unlawfully retained him in custody for a period after his sentence had expired, such unlawful acts were done in virtue of his office within Revised Codes Montana, sec. 6502, providing that an action

against a public officer for an act done by him in virtue of his office shall be tried in the county where the cause of action arose." (*State ex rel. Stephens v. District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268.)

"If he could commit only legal acts in virtue of his office plaintiff would have no cause of complaint." (*Ibid.*)

We conclude that the act of the sheriff in making the arrest was an act committed in virtue of his office within the meaning of the statutory language. He had a warrant of arrest issued out of a justice court of the county of which he was sheriff. A warrant issued by a justice of the peace, directed to the sheriff of the county in which it is issued, may be executed by any sheriff to whom it is directed in any county of this state. (C. S., sec. 8718.) We conclude that the act of appellant Allred in assisting to make the arrest was an act committed by him in aid of the sheriff in a matter touching his duties. We therefore conclude that the second cause of action is one falling within the provisions of C. S., sec. 6662.

The arrest took place in Bannock county, and, the cause of action being based in part upon the arrest, it is thus clear that part of it arose in Bannock county. The cause of action is based in part also upon the imprisonment which took place in Power county. It appears, therefore, that part of it arose in Power county.

We reach a different conclusion as to the first cause of action. It is not alleged that the sheriff had a writ or any process authorizing him to take possession of the property. It was not the improper exercise of an authority conferred upon him by law, but an arbitrary, wholly unauthorized act on his part. We conclude that this act does not fall within the provisions of sec. 6662.

We thus have a case in which one of the causes of action is based upon an act done by a public officer in virtue of his office, and an act of a third person assisting him, and another cause of action is based upon an individual act not done in virtue of office. We conclude that such a case falls within the provisions of sec. 6662, *supra.* Since the arrest

occurred in Bannock county, and the imprisonment in Power county, some part of the second cause of action arose in each of these counties. Under C. S., sec. 6662, the venue could properly be laid in either county. The court in Bannock county had jurisdiction and the statute did not require that the cause be removed to Power county.

The order is affirmed, with costs to respondents.

Rice, C. J., and Budge, Dunn, and Lee, JJ., concur.