(March 1, 1926.)

FEDERAL RESERVE BANK OF SAN FRANCISCO, a Corporation, Plaintiff and Appellant, v. R. H. SMITH, Defendant, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Defendant and Respondent.

[244 Pac. 1102.]

ATTACHMENT—GARNISHMENT OF PLEDGED PROPERTY—SHERIFFS—ACTS DONE COLORE OFFICII—LIABILITY OF SHERIFF'S SURETY.

1. Plaintiff in attachment action obtains a lien on pledged property of defendant in hands of pledgee through service of notice of garnishment on pledgee by sheriff under the attachment writ and return of garnishee and sheriff, under the provisions of C. S., secs. 6782 and 6785.

2. Under attachment and garnishment statutes (C. S., secs. 6782, 6785, 6787, 6788, 6790–6794 et seq.), after sheriff files return on garnishment proceeding he cannot lawfully release the property from the garnishment, but it is *in custodia legis* and can be released only on order of the court.

3. Sheriff is liable for acts of deputy in his official capacity for which sheriff would be liable if committed by him.

    4.   Act of deputy sheriff, without order of court, in directing garnishee, to release garnished property, resulting in garnishee turning over the property to defendant in attachment, was a usurpation of authority vested by law in court, and not by virtue of office or under such color of office as to impose liability on surety on sheriff's official bond.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County.    Hon. T. Bailey Lee, Judge.

Action against sheriff and surety on his official bond. From judgment holding surety not liable, plaintiff appeals. *Affirmed.*

C. W. Thomas, for Appellant.

Property in the hands of a pledgor may be attached by garnishment process.   (*Treadwell v. Davis,* 34 Cal. 601, 94 Am. Dec. 770; approved in *Dubois v. Spinks,* 114 Cal. 289 46 Pac. 95.)

After return made by sheriff defendant cannot lawfully obtain release through sheriff, and if sheriff then releases property it is a breach of his duty.   However, sheriff may at any time receive property from garnishee.   (C. S., secs. 6782, 6788, 6810 and 6811; Cal. Code Civ. Proc., secs. 540, 554 and 555; *San Francisco Sulphur Co. v. Aetna Indemnity Co.,* 11 Cal. App. 695, 106 Pac. 111; *Kanouse v. Brand,* 11 Cal. App. 669, 106 Pac. 120; *Hesser v. Rowley,* 139 Cal. 410, 73 Pac. 156; *Roth v. Duvall,* 1 Ida. 149.)

When a sheriff has taken property into his custody under attachment or other process it is his duty to hold it until by the order of a court of competent jurisdiction or in some

Publisher's Note.

  1.   See 12 R. C. L. 781,   847.

  2.   See 17 R. C. L. 218.

  3.   See 24 R. C. L. 981.

See Garnishment, 28 C. J., sec. 350, p. 253, n. 28; sec. 357, p. 259, n. 96; p. 260, n. 6 New.

Sheriffs and Constables, 35 **Cyc.,** p. 1618, n. 37; p. 1620, n. 54; p. 1906, n. 47, 48.

other legal manner the levy is released, and then it becomes his duty to deliver the property to the rightful owner. If he prematurely releases the property, he is guilty of default in his official capacity and his sureties are liable. (*State v. Athinson,* 53 Ark. 98, 13 S. W. 415; *Cooper v. Mowry,* 16 Mass. 5; *Halpin v. Hall,* 42 Wis. 176; *Sanford v. Boring,* 12 Cal. 539.)

Sureties on sheriff's bond are liable for the acts of his deputy, the same as for the acts of the sheriff. (C. S., sec. 429; *Works v. Byrom,* 22 Ida. 794, 128 Pac. 551.)

An officer is liable for wrongful acts performed by virtue of, or under color of, his office. (*Lee v. Charmley,* 20 N. D. 570, 129 N. W. 448, 33 L. R. A., N. S., 275; *Clancy v. Kenworthy,* 74 Iowa, 740, 7 Am. St. 508, 35 N. W. 427; *State v. Leach,* 60 Me. 58, 11 Am. Rep. 172; *Pond v. Leman,* 45 Barb. (N. Y.) 152; *Commonwealth v. Hurt,* 4 Bush (Ky.), 64; *Greenberg v. People,* 255 Ill. 174, 116 Am. St. 127, 80 N. E. 100, 8 L. R. A., N. S., 1223; *Turner v. Sisson,* 137 Mass. 191; *Skagit County v. American Bonding Co.,* 59 Wash. 1, 109 Pac. 197; C. S., sec. 431.)

Frank T. Wyman, for Respondent.

Sureties upon an official bond are not liable for acts done *colore officii.* (*Haffner v. United States F. & G. Co.,* 35 Ida. 517, 207 Pac. 716; *Gray v. Noonan,* 5 Ariz. 167, 50 Pac. 116; *Chandler v. Rutherford,* 101 Fed. 774, 43 C. C. A. 218; *Best v. Johnson,* 78 Cal. 217, 12 Am. St. 41, 20 Pac. 415, 3 L. R. A. 168; *State v. Dierker,* 401 Mo. 636, 74 S. W. 153; *State v. Schaper,* 152 Mo. App. 538, 134 S. W. 671; *Felonicher v. Stingley,* 142 Cal. 630, 76 Pac. 504; *People v. Pacific Surety Co.,* 50 Colo. 273, Ann. Cas. 1912C, 577, 109 Pac. 961; *Jordan v. Neer,* 34 Okl. 400, 125 Pac. 1117; *Inman v. Sherrill,* 29 Okl. 100, 116 Pac. 426; *Wieters v. May,* 71 S. C. 9, 50 S. E. 547; *Jones v. Van Bever,* 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; *Gold v. Campbell,* 54 Tex. Civ. App. 269, 117 S. W. 463.)

A garnishee must not release property held by it except upon proper authority. (28 C. J. 259–262.)

VARIAN, District Judge.—Appellant brought this action against Smith, as sheriff of Cassia county, and the surety on his official bond. The cause was tried by the court without a jury. The sheriff defaulted, and judgment was entered against him for the full amount prayed for and costs. The court found for the respondent surety, and appellant appeals from that portion of the judgment which holds the surety not liable under its bond.

There is no dispute as to the facts, which are as follows: Appellant brought an action in the district court for Cassia county in January, 1922, against one W. F. Hoy. A writ of attachment thereupon issued in said action, under which the sheriff (one of the defendants herein) served a notice of garnishment upon the Burley National Bank. The bank returned that Hoy was indebted to it in the sum of $700 and interest, payment of which was secured by pledge of one diamond ring and a public warehouse receipt for 1,200 sacks of potatoes, the property of the defendant Hoy, and that there was on deposit with it to defendant's credit the sum of $11.72, thus admitting it was in possession of the diamond ring and warehouse receipt and that it held both as collateral to secure the payment of a loan for $700 to said Hoy. The garnishment process was served on January 24, 1922, and the return thereon filed the next day, January 25, 1922.

It appears from the evidence that in the forepart of February, 1922, Hoy gave a bond to the deputy sheriff, the sheriff being out of the state at the time. The exact nature and character of the bond do not appear from the evidence. The deputy sheriff and Hoy then proceeded to the Burley National Bank, where the deputy stated that he had received a bond, and orally directed the bank to release the property held under garnishment. The warehouse receipt and diamond ring were thereupon delivered by the garnishee to Hoy. Thereafter, on February 15, 1922, appellant recovered judgment against Hoy, and execution issued on July 6th of that year, which was filed on return November 16, 1922. The return is to the effect that the sheriff

was unable to find any property belonging to Hoy out of which the judgment could be realized.

[1] This action was commenced October 4, 1922. The plaintiff in the attachment action obtained a lien upon the pledged property in the hands of the pledgee bank by virtue of the garnishment proceedings. (*Treadwell v. Davis*, 34 Cal. 601, 94 Am. Dec. 770.)

C. S., sec. 6782, requires the writ of attachment to be directed to the sheriff, directing him "to attach and safely keep" all the property of the defendant within his county, not exempt from execution, or so much thereof as may be necessary to satisfy plaintiff's demands, "unless the defendant give him security by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy such demand, besides costs, or in an amount equal to the value of the property which has been, or is about to be, attached"; in which case, it is the duty of the sheriff to take such undertaking. The sheriff is required to return the writ with the summons if issued at the same time, otherwise within twenty days after its receipt with a certificate of his proceedings thereon. (C. S., sec. 6815.)

C. S., sec. 6785, provides for the garnishment of credits or other personal property in the hands of third parties, who may discharge the garnishment by delivering to the officer making the levy all such credits or personal property in their possession, or sufficient thereof to discharge the plaintiff's claim. (C. S., sec. 6788.)

[2] After the sheriff filed his return on the garnishment proceedings, he could not lawfully release the property from the garnishment. The property was then *in custodia legis*, and could only be released upon an order of the court wherein the action was pending.

The supreme court of California, in construing attachment statutes almost identical with ours, has held that, after the sheriff has filed his return on attachment, the property is then *in custodia legis*, and he has no further control or authority over it. If the defendant desires a release, he must apply to the plaintiff or enter his appearance and ap-

ply to the court for relief. (*Kanouse v. Brand,* 11 Cal. App. 669, 106 Pac. 120; *San Francisco Sulphur Co. v. Aetna Indemnity Co.,* 11 Cal. App. 695, 106 Pac. 111; *Hesser v. Rowley,* 139 Cal. 410, 73 Pac. 156.)   This seems to be the general rule.   (28 C. J., p. 259, sec. 357.)

It is clear, from an examination of the provisions of our statutes relative to garnishment proceedings, that the same rule applies, and that the defendant cannot obtain the release of the property garnished except by order of the court, or the express consent of the plaintiff.   It is the duty of the sheriff to serve the notice of garnishment and a copy of the writ of attachment (C. S., sec. 6785), to receive the garnished property if delivered to him (C. S., sec. 6788), and to make return of his proceedings.

All controversies between the plaintiff and the garnishee as to ownership of the property are for decision by the court in which the writ issued.   (C. S., secs. 6787, 6790–6794 et seq.)   The sheriff has no authority other than as stated. [3]   The sheriff is liable for the acts of his deputy in his official capacity for which the sheriff would be liable if committed by him.   (*Works v. Byrom,* 22 Ida. 794, 128 Pac. 551.)   It is likewise clear that if the act complained of was done *virtute officii,* the surety is liable.

[4]   The only question to be determined here, then, is whether the surety on the official bond of the sheriff is liable for the act of the deputy sheriff in directing the garnishee that the garnishment was released, which resulted in the garnishee turning over the property to the defendant in the attachment action.   The authorities are in conflict as to whether a surety upon an official bond is liable for acts of the principal, or his deputies, done *colore officii,* many courts holding that the surety in such case is liable (24 R. C. L. 965, 966; *Skagit County v. American Bonding Co.,* 59 Wash. 1, 109 Pac. 197; *Lee v. Charmley,* 20 N. D. 570, 129 N. W. 448, 33 L. R. A., N. S., 275; *Greenberg v. People,* 225 Ill. 174, 116 Am. St. 127, 80 N. E. 100, 8 L. R. A., N. S., 1223; *Turner v. Sisson,* 137 Mass. 191), while others take the position that the surety is not liable for such acts.

(*Inman v. Sherrill*, 29 Okl. 100, 116 Pac. 426; *People v. Pacific Surety Co.*, 50 Colo. 273, Ann. Cas. 1912C, 577, 109 Pac. 961; *Gray v. Noonan*, 5 Ariz. 167, 50 Pac. 116 (118); *Jones v. Van Bever*, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; *State v. Schaper*, 152 Mo. App. 538, 134 S. W. 671; *Gold v. Campbell*, 54 Tex. Civ. App. 269, 117 S. W. 463; *Chandler v. Rutherford*, 101 Fed. 774, 43 C. C. A. 218.)

This court, in *Haffner v. United States F. & G. Co.*, 35 Ida. 517, 207 Pac. 716, lays down the distinction between acts done by virtue of office and acts done under color of office:

"Acts done '*virtute officii*' are those within the authority of the officer, when properly performed, but which are performed improperly; acts done '*colore officii*' are those which are entirely outside or beyond the authority conferred by the office."

It is generally held that to constitute color of office such as will render officers liable on their official bonds for their unauthorized acts, something else must be shown besides the fact that the officer claimed to be acting in his official capacity in doing the act complained of. If not armed with a writ, or if the writ under which he acts is void on its face and there is no statute which authorizes the act to be done without process, then there is no such color of office as will impose a liability upon the sureties on his official bond. (*Chandler v. Rutherford, supra.*)

"It is only such acts of a sheriff as are done under color of office, involving an abuse, as distinguished from a usurpation, of authority, that render his bondsmen liable." (*State v. Dierker*, 401 Mo. 636, 74 S. W. 153 (Syl.).)

In the instant case, we conclude that while the deputy sheriff claimed to act for the sheriff in his official capacity in attempting to release the garnishment in question, he thereby assumed to exercise an authority not conferred upon the sheriff by law, nor does it appear that he was acting under any writ or order of the court. He was not abusing any authority conferred upon the sheriff, but was usurping an authority vested by law in the court. After the sheriff

had made return to the attachment writ and notice of garnishment, no order of court affecting the garnishment having been placed in his hands, the action of the deputy sheriff in attempting to release the garnishment was void, as the garnishment could then be released only by order of the court in which the attachment action was pending. He was not so acting by virtue of office, and no such color of office is shown as will impose a liability upon the surety on the sheriff's official bond.

Judgment affirmed, with costs to respondent.

William A. Lee, C. J., and Taylor, J., concur.

Wm. E. Lee, J., concurs in the result.