# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JANUARY SESSION, 1881.

---

[No. 6,574.—Department Two.]

## J. HOWARD SMITH v. J. B. FARGO ET AL.

ATTACHMENT—UNDERTAKING.—A bond taken by a sheriff, in consideration of the release of attachment, is not void for want of conformity to the requirements of the statute, which, while prescribing one form, does not prohibit another.

BOND—PLEADING—RECITAL.—Whatever an obligor recites in a bond to be true may be taken as true against him, and need not be averred in a complaint on such bond, nor proved on the trial.

APPEAL from a judgment of the Fourth District Court, City and County of San Francisco. MORRISON, J.

G. F. & W. H. Sharp, for Appellants.

An action cannot be maintained on the undertaking until execution in the attachment suit is returned unsatisfied. (Code Civ. Proc. § 552; Low v. Adams, 6 Cal. 277.)

There being no levy of the attachment, there was no consideration for the undertaking. The undertaking did not comply with the law.

J. Howard Smith in proper person, for Respondent.

The recitals in bonds and undertakings of this character are conclusive of the facts stated. (McMillan v. Dana, 18 Cal.

339; *Bewers* v. *Beck*, 2 Nev. 139.)   Though the bond is not a statutory undertaking, it is good as a common-law obligation. (*Palmer* v. *Vance*, 13 Cal. 553.)

MORRISON, C. J.:

On the 13th day of August, 1875, one De Greayer brought an action in the Fourth District Court, against W. J. Smith, to recover the sum of $4,198, and procured an attachment to be issued against the property of the defendant Smith.   On the 18th day of August, 1875, Smith appeared in the action, and applied for a discharge of the attachment, whereupon the defendants in this case executed and delivered to De Greayer the undertaking sued upon.   The undertaking recites, that the action of De Greayer against Smith has been commenced, that an attachment has been issued against the property of Smith, and that such property has been attached by the sheriff under the writ.   " And, whereas, the said defendant is desirous of having said property released from said attachment.   Now, therefore, we, the undersigned, residents and freeholders in the city and county of San Francisco, in consideration of the premises, and also in consideration of the release from said attachment of the property attached as above mentioned, do hereby jointly and severally undertake, in the sum of six thousand dollars gold coin, and promise, that, in case the plaintiff recover judgment in the action, the said defendant will, on demand, pay to the plaintiff the amount of whatever judgment may be recovered in said action, together with the percentage, interest, and costs, the same to be paid in United States gold coin, if so required by the terms of the judgment."   The action of *De Greayer* v. *Smith* was prosecuted to judgment in favor of the plaintiff, demand was duly made of Smith and his sureties for payment thereof, and payment was refused.   The judgment was assigned to the plaintiff, and he brought this action upon the undertaking.   Judgment was entered in his favor in the Court below, and from that judgment this appeal is prosecuted.

Appellant makes three points upon this appeal.

1. That an action cannot be maintained upon the undertaking until execution is returned unsatisfied, in whole or in part, in the attachment suit.

2. There being no levy of the attachment, there was no consideration for the undertaking. The levy should have been averred.

3. The undertaking was not according to law.

In support of the first point, appellant relies upon § 552 of the Code of Civil Procedure; but that section has no application to the case, for the reason that the undertaking was not given pursuant to § 540 or § 555 of the Code. It was not a statutory undertaking, and cannot be held valid and binding as such. It was a common-law bond, and if binding upon the sureties, it must be so under the principles of the common law. This question was before the Court in the case of *Palmer* v. *Vance*, 13 Cal. 553, and it was there said: " The paper sued on is not a statutory undertaking; but being founded upon a sufficient consideration, is valid as a common-law obligation for the payment of money. A bond taken by the sheriff is not void for want of conformity to the requirements of the statute, which, while prescribing one form of action, does not prohibit others; and a bond given voluntarily upon the delivery of property is valid at common law." In the case of *Whitsett* v. *Womack*, 8 Ala. 466, the Court says: " Where a statute requires a bond to be executed in a particular form, and not otherwise, no recovery can be had on a bond professedly taken under the authority of the act, if it does not conform to it; but if the statute merely prescribes the form, without making a prohibition of any other, a bond which varies from it may be good at common law." (See also *Seawell* v. *Cohen*, 2 Nev. 311.)

The bond declared upon was given voluntarily upon a sufficient consideration, and was good at common law, according to the above authorities.

The second point is not well taken. The bond recites, that the property of the defendant Smith had been seized by the sheriff under the writ of attachment, and that the bond was given for the purpose of procuring the release of such property from the levy. In the case of *McMillan* v. *Dana*, 18 Cal, 339, it was held, that recitals in bonds are conclusive of the facts stated; and in *Bewers* v. *Beck et al.*, 2 Nev. 150, it is said, that " whatever the obligor recites in a bond to be true may be taken as true against him, and need not be averred in a complaint on such bond, or proved on the trial."

But the complaint in this case does aver, that the attachment was levied on the property of the defendant Smith, and the fact was found by the Court. The finding is: "That on the 13th day of August, 1875, an action was commenced in the District Court of the Fourth Judicial District of the State of California, wherein S. De Greayer was plaintiff, and W. J. Smith was defendant, and a writ of attachment was thereupon duly issued against and levied upon the property of said defendant W. J. Smith."

The third point has already been answered in this opinion.

We are of opinion that none of the points raised by appellant are well taken, and the judgment appealed from is therefore affirmed.

MYRICK, J., and THORNTON, J., concurred.