[S. F. No. 2675.   Department One.—June 20, 1903.]

ADELE HESSER, Appellant, v. FORREST S. ROWLEY,
Respondent.

ATTACHMENT—BOND FOR RELEASE—AUTHORITY OF SHERIFF—RETURN OF
WRIT.—The sheriff, in his official character, has no authority to
release real estate from attachment, except while the writ remains
in his possession, and upon giving the undertaking provided for in
section 540 of the Code of Civil Procedure.   After the return of
the writ, the statute gives him no authority, in that behalf, unless
by order of the court, or by the authority of the plaintiff.

ID.—SUBSTITUTED BOND—RELEASE OF SURETY—RATIFICATION—ACTION
UPON NEW BOND—ESTOPPEL.—Where the sheriff had taken a bond
for release of real property attached, and, for the purpose of
releasing one of the sureties thereupon, took a new bond, with
another surety, an action brought by the plaintiff upon the substi-
tuted bond constitutes a ratification of the action of the sheriff in
taking it, and he is estopped to dispute the release of the sureties
on the first bond, and the surrender thereof to the sheriff, and
cannot maintain an action upon the first bond.

ID.—EVIDENCE—BOOKS OF SHERIFF.—Evidence of entries made in the
books regularly kept in the sheriff's office, showing a brief memo-
randum of the receipt of the several writs of attachment, the
dates of the returns, and the proceedings thereon, made in the
usual course of official business, were admissible to show matters
not contained in the writs and returns; and as to those matters,
their admission was merely cumulative and harmless.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial.   Edward
A. Belcher, Judge.

The facts are stated in the opinion of the court.

Marcus Rosenthal, and Charles S. Peery, for Appellant.

The mere commencement of an action on the substituted
bond which did not proceed to judgment is not an estoppel
against this action.   (*Hires* v. *Ward,* 121 Cal. 175; *Mayhall*
v. *Eppinger,* 137 Cal. 5.)   There can be no recovery on an
undertaking which did not actually secure the release of the
property from the attachment.   (*Williams* v. *Blatter,* 9 Cal.
500; *Palmer* v. *Weldon,* 6 Cal. 651; *Coburn* v. *Pearson,* 57
Cal. 306.)

William H. Cobb, and Edward F. Treadwell, for Respondent.

The sheriff in taking the second bond acted as plaintiff's agent, and the bringing of the suit thereon was a complete ratification of his action. This doctrine has been applied to substitute bonds in cases exactly like the present. (*Farmers' etc. Co.* v. *Walsworth,* 1 N. Y. 433; *Tingley* v. *Bellingham Bay B. Co.,* 5 Wash. 644; *Thompson* v. *Spray,* 72 Cal. 528; *Fiedler* v. *Smith,* 6 Cush. 336; *Cake's Appeal,* 110 Pa. St. 65; 1 Am. & Eng. Ency. of Law, 2d ed., p. 1209.) The sheriff's records were admissible. (Code Civ. Proc., sec. 1926; 20 Am. & Eng. Ency. of Law, pp. 505-509.)

SHAW, J.—Appeal by the plaintiff from an order denying her motion for a new trial. The grounds of the motion were, that one of the findings of the court was not sustained by the evidence, and that there were certain specified errors in the admission and rejection of evidence.

Upon this appeal we cannot consider the sufficiency of the pleadings and findings to support the judgment. But a decision of the materiality of the finding which is attacked by the specification will require a consideration of the effect of the greater part of the evidence and of the facts alleged and found.

The action is upon an undertaking purporting to have been given to procure the release of property attached. The plaintiff here is the assignee of A. C. Whyte, the plaintiff in the attachment suit. On February 25, 1895, Whyte began an action in the superior court against H. Rosencrantz to recover five thousand dollars, and caused a writ of attachment to be duly issued therein to the sheriff of the county. The sheriff received the writ, and on the same day, February 25th, by virtue thereof, attached certain real estate of the defendant Rosencrantz. On March 16, 1895, the sheriff made return of the writ of attachment, and filed the writ and return in the office of the clerk of the city and county. The defendant Rosencrantz appeared in the action on March 7, 1895, and afterward moved the court for an order releasing the attachment, under section 554, of the Code of Civil Procedure, which motion the court, on June 20, 1895, denied. On the same day Rosencrantz applied to the sheriff to release

the attachment, and to that end he caused the undertaking sued on herein to be signed by himself, as principal, and by the defendant Rowley and another, as sureties, and delivered the same to the sheriff for the use of the plaintiff, Whyte. The court made the finding that "said sheriff did not, however, release said land or premises from said attachment, nor was said attachment ever released, by reason of the execution and delivery of the said bond," referring to the undertaking sued on. It is claimed that said finding is not sustained by the evidence.

The only evidence of a formal release consisted of an entry in the book of records of attachments in the office of the county recorder, entitled in the case of Whyte *v.* Rosencrantz, and otherwise, as follows: "To Recorder C. and Co. of S. F. You are hereby instructed to release the property now in your care in the above entitled action upon payment of your charges. R. I. Whelan, Sheriff, by Sig. L. Simon, Deputy Sheriff. Dated San Francisco, June 21st, 1895." This record was admitted over objection of the defendant. There was no direct evidence that the release was ever signed or executed. Other evidence was offered to show that the form of release above given was the form in customary use by the sheriff at that time, and for many years before, for the purpose of releasing attached property of record, but upon objection by the defendant this evidence was excluded, and this ruling is assigned as error. The defendant cannot claim that the evidence supported the finding, and at the same time insist that other evidence tending to prove a release was rightfully excluded. The evidence of customary use of the form, in connection with other circumstances in evidence, and in view of the fact that the memory of Simon, the deputy, was at fault, would have been competent, though slight, evidence tending to show the signing of the release. The usual course of business is presumed to have been followed. If the release was material, the exclusion of this evidence was substantial error. The case must therefore be considered upon the theory that the sheriff did attempt to make the release by the execution of the above instrument.

Assuming that it was executed, we are of the opinion that it was made without authority other than that arising from the subsequent ratification by the plaintiff's assignor. and that

if so ratified in the manner shown by the evidence, then the plaintiff is estopped to sue the defendant upon the undertaking.

The sheriff, in his official character, has no authority, under section 540 of the Code of Civil Procedure to release real estate from attachment, except while the writ of attachment under which the levy was made remains in his possession, and before it is returned. That section requires him to "attach and safely keep all the property of such defendant within his county," or a sufficient amount thereof, "unless the defendant give him security by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy such demand, besides costs, or in an amount equal to the value of the property which has been or is about to be attached; in which case, to take such undertaking." By section 559 of the Code of Civil Procedure, he is required to return the writ with the summons, if it was issued at the same time; otherwise, within twenty days after he received it, with his return indorsed or attached thereto. These provisions furnish the measure of his official power and authority under the writ. He is required to safely keep the property which he takes into his custody, and from necessity this duty continues after the return. But he has no authority in the matter except what the statute gives him, either expressly or by necessary implication. There is no authority given by virtue of his office to release property before the return of the writ, except upon the giving of the undertaking, as provided in section 540. After the return the statute gives him no authority at all in that behalf. If he then attempts to release property without the plaintiff's consent, it is a breach of his duty. If he does so with the plaintiff's consent, he obtains his authority from the plantiff, and not from the statute. If the defendant, after the return of the writ, desires a release of the property, he cannot lawfully obtain it from the sheriff, but must apply to the plaintiff, or he may enter his appearance in the action, and apply to the court for an order of release, as provided in sections 554 and 555 of the Code of Civil Procedure.

If the sheriff had any authority to make the release in question, it was not as an officer, but by virtue of some action to that effect by the plaintiff himself. The plaintiff undoubtedly could have released the property, and could have

exacted the execution of an undertaking as a condition of such
release. In that event the release would be a sufficient con-
sideration for the undertaking, and the contract of surety-
ship would be valid, irrespective of any statutory provisions
relating to attachments. And what the plaintiff could do
in person, he could authorize the sheriff or any other person
to do for him, as his agent; or after it had been done, osten-
sibly for his benefit, he could ratify it, and thereby validate
the act. There is, however, no evidence in the record showing,
or tending to show, that the plaintiff at the time authorized
the sheriff to make this release. The record is absolutely
silent with respect to any action of the plaintiff to that
effect. With regard to a subsequent ratification, the only act
shown by the record is the bringing of this suit. Perhaps
this might be a sufficient acceptance of the results of the
sheriff's act to amount to a ratification of the release, and
thus supply a consideration for the undertaking sued on
herein, if it were not for some other facts appearing in the
case, which it is necessary here to state.

After the execution of the undertaking here sued on, the
defendant Rowley, who was one of the sureties, desired to
be released therefrom, and thereupon, in August of the same
year, the defendant in the attachment case, as principal, and
one Francis J. Berry, and another, as sureties, executed
and delivered to the sheriff another undertaking for that
purpose, reciting the facts as in the first undertaking, the
giving thereof, and the further fact that Rowley desired to
be released therefrom, and in consideration thereof the said
sureties undertook to pay any judgment that might be re-
covered in the main action. Rowley, upon the execution
of the first undertaking, had taken from the attachment de-
fendant other security as indemnity. When the second un-
dertaking was given, the first was surrendered to him by
the attachment defendant, and he thereupon destroyed it and
returned the securities he had taken as indemnity. After-
wards, in September, 1896, or February, 1897, (the evidence
shows that it was in September, 1896, while the finding was
that it is in February, 1897,) the plaintiff began suit in
the superior court of San Francisco County upon the last
undertaking against Berry and the other surety, and issued
an attachment against the defendants therein, which was duly

levied upon their property. A copy of the undertaking was made a part of the complaint in the action. This action is still pending, and the property of Berry remains under attachment therein. The present action, upon the first undertaking, was not begun until June, 1899.

Under these circumstances the plaintiff cannot be allowed to claim that Rowley remains liable on the undertaking sued on. The institution of the suit on the undertaking of Berry and the other surety was a ratification of all the previous acts of the sheriff after the return of the attachment, and therefore was a ratification of his action in making the substitution of the first undertaking for the last, and in surrendering the first one to Rowley. He cannot claim that his election of securities was made in ignorance of the facts, for the second undertaking recited the giving of the first and the release of Rowley therefrom. We are therefore of the opinion that the finding of the court, that there was no release of the attachment at the time of, and in consideration of, the first undertaking, though technically incorrect, is not available to the appellant as error. He is estopped to dispute the release of the first undertaking and the surrender of it to Rowley by the sheriff, whom, by his subsequent ratification, he has made his agent, authorized to act in that behalf.

The plaintiff also assigns as errors of law occurring at the trial the admission in evidence of certain entries in a book kept in the sheriff's office, showing a brief memorandum of the receipt of the several writs of attachment, the dates of the returns, and the proceedings thereon. It appears that the book was regularly kept in the office, and that the entries in question were made in the usual course of official business, as it was actually transacted. It also appears that both the sheriff and his deputies were unable to recollect with accuracy the details of these proceedings. It is true that there is no express provision of the statute requiring the sheriff to keep such a record or register of his proceedings, though it is proper that he should do so. The writs and the returns constitute the primary evidence thereof. But, so far as these memoranda related to the same matters that are contained in the writs and returns, they are merely cumulative. The writs and returns were in evidence. The admission of the book-entries to prove those facts could therefore do no harm.

In so far as the memoranda contained other material facts, they were properly admissible as books of original entries, made in the usual course of business, at the time of the transactions to which they refer. In all cases where there is a large volume of business transacted, human memory fails, and such books often constitute the only available evidence.

We find no error in the record, and the judgment is therefore affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.