[Civ. No. 690.    Second Appellate District.—November 5, 1909.]

## THEO. KANOUSE, Respondent, v. L. C. BRAND et al., Defendants; MAX GOLDSCHMIDT, Appellant.

RELEASE OF ATTACHMENT BY SHERIFF OR COURT—STATUTORY UNDERTAKING—RETURN OF EXECUTION UNSATISFIED ESSENTIAL.—Where the sheriff takes the statutory undertaking to prevent or release an attachment by him provided for in section 540 of the Code of Civil Procedure, while the writ is still in his hands unreturned, or where, after his authority has ceased by the return of the writ, the court allows a statutory bond pursuant to sections 554 and 555 of the Code of Civil Procedure, to release the attachment, a return of execution unsatisfied in whole or in part against the debtor is essential in order to fix the liability of the sureties thereon as provided in section 552 of the same code.

ID.—COMMON-LAW BOND TO PLAINTIFF—RELEASE OF ATTACHMENT BY PLAINTIFF—RETURN OF EXECUTION NOT REQUIRED.—Where the bond is not such as is provided for in the statute, but is a common-law bond running to the plaintiff in the attachment suit, who by his own action voluntarily released the lien of the attachment, no return of execution is required in such case in order to fix the liability of the sureties upon the bond, or as a prerequisite to a suit thereon.

ID.—CONDITION OF BOND—PAYMENT OF JUDGMENT BY DEFENDANT ON DEMAND—INSUFFICIENT COMPLAINT.—Where the bond to plaintiff was conditioned that "in case the plaintiff recover judgment in the action, the defendant will on demand" pay the same, a complaint which does not aver that any demand was made upon the defendant to pay the judgment, or that the amount thereof was not paid,

is insufficient to state a cause of action on the bond, and it was error for the court to overrule a demurrer thereto.

ID.—INSUFFICIENT AVERMENT—ACCRUING COSTS ON EXECUTION.—The averment following that of the recovery of the judgment that accruing costs were incurred on execution in the sum of $1.50, for which judgment is asked, cannot be regarded as an allegation of demand upon the judgment debtor.

ID.—AVERMENT OF DEMAND UPON AND NONPAYMENT BY SURETIES.—The averment of demand upon the sureties and their refusal to pay the judgment, when there is no such averment as to demand upon the defendant and his refusal to pay the same, does not show a cause of action. Such averments are not inconsistent with the fact that the defendant may not have paid the same.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

E. B. Coil, for Appellant.

D. Joseph Coyne, for Respondent.

SHAW, J.—This is an action to recover from the sureties on an undertaking given to procure the release of property levied upon under a writ of attachment.

It is alleged in the complaint that one H. J. Stocker, being indebted to the plaintiff, the latter, in June, 1907, brought suit to recover thereon, and procured to be issued therein a writ of attachment under which certain property of Stocker, situated in Los Angeles and Ventura counties, was attached by the sheriffs of said counties; that thereafter, in consideration of the release of said property so attached, the defendants herein as sureties made and executed to plaintiff an undertaking in consideration of which the property so held by the sheriffs under and by virtue of said writ of attachment was released therefrom by this plaintiff.

This undertaking, which is set out in the complaint, after reciting the commencement of the action by plaintiff against Stocker, the issuance of the writ of attachment, and that the sheriff of Los Angeles county had, by virtue thereof, attached certain property of Stocker which the latter desired to have released therefrom, provides: "Now, therefore, we, the undersigned, residents and freeholders in the county of Los Angeles,

in consideration of the premises, and also in consideration of
the release from said attachment of the property so attached,
as above mentioned, do hereby jointly and severally undertake
in the sum of sixteen hundred and no-100 dollars, and promise
that in case the plaintiff recover judgment in the action, de-
fendant will, on demand, pay to plaintiff the amount of what-
ever judgment may be recovered in said action, together with
the percentage, interest and costs; the same to be paid in
United States gold coin, if so required by the terms of the
judgment.''

Defendant Goldschmidt filed a general demurrer which was
by the court overruled. No answer was filed, and judgment
was rendered against him and his codefendant, who had
suffered default, in accordance with the prayer of the com-
plaint.

Appellant contends that the complaint fails to state a cause
of action, in that it does not appear therefrom that an execu-
tion had been issued and returned unsatisfied, as required by
section 552, Code of Civil Procedure, which provides: ''If
the execution be returned unsatisfied, in whole or in part,
the plaintiff may prosecute any undertaking given pursuant
to section 540 or section 555, or he may proceed, as in other
cases, upon the return of an execution.'' The effect of the
provision just quoted is to declare that no action for the re-
covery upon an undertaking given pursuant to the sections
of the code specified therein shall be prosecuted unless an
execution has been issued and returned unsatisfied, in whole
or in part. (*Brownlee* v. *Riffenburg,* 95 Cal. 447, [30 Pac.
587].) This proposition is not controverted by respondent.
He contends, however, that the undertaking is not one given
pursuant to statute, but that it is a common-law bond, as to
which (*Palmer* v. *Vance,* 13 Cal. 553; *Smith* v. *Fargo,* 57 Cal.
157) the provisions of said section 552 are inapplicable.
Neither the issuance of an execution against the judgment
debtor nor the return thereof unsatisfied is alleged in the com-
plaint. It is, therefore, clear that if the undertaking declared
upon be a statutory bond, the complaint fails to state a cause
of action. By the provisions of section 540, Code of Civil
Procedure, it is made the duty of the sheriff to whom a writ
of attachment is directed to attach the property of the de-
fendant in the action wherein such writ is issued, ''unless the
defendant give him security by the undertaking of at least two

sufficient sureties, in an amount sufficient to satisfy such demand, besides cost, or in an amount equal to the value of the property which has been, or is about to be, attached; in which case, to take such undertaking.'' Under this provision, it is the duty of the sheriff, instead of levying the writ of attachment, to accept the undertaking in lieu of such levy; or, if he has made the levy and taken the property into custody, to accept the prescribed undertaking when tendered prior to the return of the writ and release the property so attached. (*Hesser* v. *Rowley,* 139 Cal. 410, [73 Pac. 156].) The making of his return to the writ divests the sheriff of any statutory power or authority to release the property so held by him under the writ of attachment. After the return thereof, a defendant seeking the release of property must apply to the court for an order of release pursuant to the provisions of section 554 and section 555, Code of Civil Procedure, or secure such release by application to the plaintiff upon such terms as may be mutually agreed upon. It is clear the release was not obtained under an order of court. Neither is there anything in the allegations of the complaint, nor in the recitals of the undertaking, to indicate that it was given to the sheriff as security pursuant to the provisions of section 540. On the contrary, it is alleged the bond was ''made and executed to *this plaintiff*,'' and ''that the attachment heretofore mentioned under which the *sheriffs* of the *aforesaid counties* (Los Angeles and Ventura) held as security the property of the said H. J. Stocker, and for the release of which attachment the aforesaid bond was given, *was by this plaintiff released,* in consideration of said bond so given by these defendants.'' The directions (Code Civ. Proc., sec. 540) in the writ of attachment require the sheriff to make the levy and retain the property in custody only in case the defendant fails to give the prescribed undertaking, which, as we have seen, may be given him any time before he makes his return of the writ. Inasmuch as his authority to accept the undertaking and release the attachment is by virtue of the directions to him contained in the writ, the undertaking, the giving of which is authorized by section 540, should, by appropriate wording, show that it is such a one as he was directed to accept, and given pursuant to the command of the writ. The fact that, as appears from the complaint, the bond was given for the release of the property attached in both Los Angeles

and Ventura counties, and that it was released by plaintiff, together with the fact that the undertaking is in form a common-law bond, fully justifies the conclusion that the undertaking was not given to the sheriff as security pursuant to said section 540. It therefore follows that, inasmuch as the instrument declared upon was not a statutory bond, the issuance of execution against the judgment debtor and return thereof unsatisfied was not a necessary prerequisite to the maintenance of suit thereon. Appellant cites *Bailey* v. *Aetna Indemnity Co.,* 5 Cal. App. 740, [91 Pac. 416], wherein the court says: "For the protection of the surety it is required that an offer shall be first made to execute against a judgment debtor. Failing in this, the substitute for the attached property is immediately available and the bond may be enforced at once." The point under consideration and to which this language was directed was the right of the obligee to institute suit upon the bond before the expiration of six months after the rendition of the judgment against the judgment debtor, it being claimed that the action on the bond had been prematurely brought. Moreover, we there held that the undertaking, owing to the peculiar wording thereof, aided by the allegations of the complaint, was a statutory bond.

It does not appear from the complaint that any demand was made upon the judgment debtor that he pay the judgment; nor is there any allegation showing the amount of the judgment to be unpaid. The absence of these allegations renders the complaint fatally defective. As appears from the undertaking, the promise on the part of the obligors therein was "that in case the plaintiff recover judgment in the action, *defendant will, on demand,*" pay the same. It thus clearly appears that the promise to pay was conditional, and the bond imposed no obligation on the sureties, unless a demand for payment of the judgment was first made upon defendant Stocker. The allegation of such fact and the nonpayment of the judgment, or part thereof, was essential to the statement of a cause of action against these defendants. (*Mullally* v. *Townsend,* 119 Cal. 47, [50 Pac. 1066]; *Pierce* v. *Whiting,* 63 Cal. 538.) Following the allegation of the recovery of a judgment for a specified sum, it is alleged "that thereafter on execution plaintiff incurred accruing costs of $1.50," for which, and the amount of the judgment, plaintiff

11 Cal. App.—43

prays judgment. Such averment as to the costs expended cannot be regarded as an allegation of demand of payment made upon the judgment debtor. The allegation of a demand of payment made upon the sureties and their refusal to pay is not inconsistent with the fact that the judgment debtor may not have paid the same.

The judgment appealed from is reversed, with instructions to the trial court to sustain the demurrer and to grant leave to plaintiff to amend his complaint, if he be so advised.

Allen, P. J., and Taggart, J., concurred.