[S. F. No. 8105. In Bank.—February 13, 1919.]

## CHARLES P. DOE et al., Appellants, v. EUGENE CRAMER et al., Respondents.

ATTACHMENT—BOND FOR RELEASE—JUSTIFICATION OF SURETIES—TIME FOR—RIGHT OF ATTACHING OFFICER TO HOLD PROPERTY.—An attachment plaintiff has five days, after notice of the filing of an undertaking, under sections 554 and 555 of the Code of Civil Procedure, for the release of an attachment, within which to require justification of the sureties, until the lapse of which time without requiring justification the attaching officer is bound to keep the property for the benefit of the attachment plaintiff, and he is not guilty of conversion for failure to comply with a prior demand by the attachment defendants for the return of the property.

ID.—DUTY AND AUTHORITY OF ATTACHING OFFICER—WAIVER.—An attaching officer is the agent of the attachment plaintiff to hold the attached property until the law authorizes him to deliver it to the defendants upon proceedings for a release, but he has no authority to waive the time provided by law for the requirement for justification of sureties on an undertaking given for release of the attachment; and his demand for fees as a condition of releasing the property, and offer to release upon payment, could not operate as a waiver of the objection that delivery was not yet due.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. H. Sooy, H. W. Glensor, and Aitken, Glensor & Clewe, for Appellants.

L. C. Pistolesi, Charles A. Shurtleff, and J. G. De Forest, for Respondents.

SHAW, J.—This is an action by the plaintiffs against the defendants to recover damages for the alleged conversion by the defendant Cramer of property belonging to the plaintiffs. Judgment was given below for the defendants and the plaintiffs appeal.

The defendant Cramer, as constable of Sausalito Township, in Marin County, received a writ of attachment issued out of the justices' court of the city and county of San Francisco, in an action by one Catoni against the two plaintiffs, by virtue whereof on June 19, 1915, he levied upon the property in controversy. Thereafter on July 1, 1915, after due notice, the plaintiffs herein filed in the justices' court an undertaking in an amount fixed by the court as provided in sections 554 and 555 of the Code of Civil Procedure, and thereupon applied for an order to discharge the attachment and to release from the operation of such attachment all the property so attached. On the same day the justice of the peace made an order that the writ of attachment theretofore issued in the case be released. On the next day, July 2d, the plaintiffs herein demanded of Cramer the delivery of the property held by him under said attachment. Cramer refused to deliver the same and demanded $58.25, which he claimed as his fees for the expenses incurred by him as such officer in levying the writ and keeping the property. Thereafter on July 14, 1915, the said Catoni, the attachment plaintiff, required the sureties in said undertaking to justify, and in pursuance thereof said sureties did justify before said justice on July 19, 1915. The present action was begun on July 8, 1915. This, it will be observed, was after the demand for release of the property and before the notice requiring the sureties to justify had been given and before the justification was made thereunder.

We are of the opinion that the finding of the court that the defendant Cramer did not convert the property to his own use is sustained by the evidence. Section 554 of the Code of Civil Procedure provides that when the defendant has appeared in an action in which an attachment has been issued and levied against him, he may, upon notice, apply to the court for an order to discharge the attachment, and that, upon the execution of the undertaking required in section 555, "an order may be made, releasing from the operation of the attachment any or all of the property attached; and all of the property so released, and all of the proceeds of the sales thereof, must be delivered to the defendant, upon the justification of the sureties on the undertaking, if required by the plaintiff. Such justification must take place within five days after notice of the filing of such undertaking." Section 555, referring to the same undertaking, declares that "the sureties may be required to justify before the court or judge, and the property attached cannot be released from the attachment without their justification, if the same is required." The undertaking was filed on July 1, 1915. The attachment plaintiff could not have notice of its filing until then and he had at least five days from that day within which to require justification. Until he suffered that time to pass without requiring justification, the constable was bound to keep the property for the benefit of the attachment plaintiff. The demand made on July 2d was therefore premature, the constable was not then required to deliver the property and his refusal to do so was not evidence sufficient to justify a finding that he had converted the property to his own use. The finding of the court that the defendant did not convert the property to his own use is sustained by the evidence and is sufficient to support the judgment.

Cramer, as constable, was the agent of the plaintiff to hold the property until the law authorized him to deliver it to the defendant upon the proceedings for a release. His authority was limited to that given by the statute and he had no authority by law, or from the plaintiff in the attachment suit, to waive the time provided by law for the requirement for justification. Consequently his demand for his fees as a condition of releasing the property, and his offer to release the same upon such payment, could not operate as a waiver of the objec-

tion that delivery was not yet due.   It is unnecessary to consider the other question argued in the briefs.

The judgment is affirmed.

Sloss, J., Wilbur, J., Lennon, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., Olney, J., and Angellotti, C. J., concurred.