[S. F. No. 9270. In Bank.—April 1, 1921.]

## MARIUS J. KAST, Appellant, v. THE CALIFORNIA CORPORATION, Named: PACIFIC SURETY COMPANY, Respondent.

[1] ATTACHMENT—BOND TO RELEASE PROPERTY—CONSTRUCTION OF SECTION 540, CODE OF CIVIL PROCEDURE.—Section 540 of the Code of Civil Procedure contemplates only a bond given to a sheriff holding a writ of attachment to prevent a levy by him on property within his county, or to procure a release of such property by him after levy, when tendered prior to his making a return on the writ. There is no such thing under said section as a single bond or undertaking for the release of property situate in different counties, held under levy by different sheriffs, each acting under a writ directed to him alone.

[2] ID.—CONSTRUCTION OF BOND.—A bond admittedly given in a transaction solely between the parties to an action, altogether without reference to the respective sheriffs who had levied attachments on property of the defendant, and looking to the release by the plaintiff of his then existing attachment liens in consideration of the furnishing of security acceptable to him for the payment of whatever judgment might be recovered by him, is not one given in pursuance of any statutory provision relative to attachments, but is purely a contract between the parties independent of any statute, by which the surety, for a sufficient consideration, viz., the release of the attachment by the plaintiff, agrees to pay to the plaintiff the amount of any judgment that might be recovered by him in the action and is enforceable as a common-law bond.

[3] ID.—APPEAL—FAILURE TO GIVE BOND TO CONTINUE ATTACHMENT.—Such a bond is not one "received in the action," referred to in section 553 of the Code of Civil Procedure, and the failure to give the bond provided for by section 946 of the Code of Civil Pro-

cedure on appeal, providing for the continuing in force of an attachment, does not destroy the right to recover on the bond.

[4] ID.—CONSIDERATION.—In such a case there is no failure of consideration, the consideration for the giving of the bond being the immediate release of property from valid attachments theretofore levied, which consideration was fully executed and of which the defendant in the attachment suit had the full benefit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Henry Eickhoff for Appellant.

Cooley & Lachmund for Respondent.

ANGELLOTTI, C. J.—The facts in this matter were stated in the opinion of the district court of appeal of the first appellate district, division one, as follows:

"This is an appeal from a judgment in favor of the defendant in an action brought by the plaintiff to recover upon an undertaking, issued by the defendant, as surety, for the purpose of securing the release from attachment of certain property, attached in an action entitled *Allen* v. *Chatfield*.

"The appeal is on the judgment-roll alone, it being agreed that the findings precisely present the facts involved. Allen, as plaintiff, commenced an action in the superior court, in and for the city and county of San Francisco, by filing a complaint against Chatfield, to recover the sum of five thousand dollars with interest and costs. At the time of issuing the summons, Allen procured certain property of Chatfield to be attached by the sheriff of the city and county of San Francisco, and by the sheriff of the county of Lake. Chatfield and Allen, by their attorneys, made and carried into effect a mutual agreement, pursuant to which Chatfield procured from the Pacific Surety Company, the defendant and respondent in this action, the written undertaking sued on here. Allen, through his attorney, received and accepted the undertaking, and in consideration thereof released the attachment which had theretofore been levied.

"The bond issued by the Surety Company appears to be in the usual form. It was entitled in the court and cause

and, after reciting the commencement of the action and the issuance of the attachments, continues: 'And whereas the said defendant is desirous of having said property released from said attachment upon the acceptance by plaintiff of this undertaking, in lieu of the attachment effected as aforesaid; Now, therefore, the Pacific Surety Company . . . in consideration of the release from said attachment of the property attached as above mentioned does hereby undertake in the sum of six thousand (6000) and no/100 dollars and promise that in case the plaintiff recover judgment in the action, defendant will, on demand, pay to plaintiff the amount of whatever judgment may be recovered in said action, together with a percentage or interest and costs.'

"This undertaking, as before stated, was delivered to the attorney for the plaintiff Allen. It operated to secure the release of the property attached. In arranging for the bond all the steps followed were taken independently of the sheriffs. The whole matter was arranged and carried into effect by and between the parties to the action, through their respective attorneys, without intervention or instrumentality of the court or either of the attaching officers. The undertaking was not given to, or approved by, either of the sheriffs, nor was it received by them, and it was not filed in the action. The sheriffs were not given any information or notice relative to the undertaking until after it had been arranged for and given by the Surety Company to the plaintiff. Under the personal direction of Allen's attorney, written instructions for the release of the property attached were then delivered to the attorney for Chatfield and were by him delivered to the sheriffs.

"Judgment was thereafter rendered and entered in the action in favor of the defendant Chatfield, . . . Allen at once perfected an appeal to the supreme court. He failed, however, to comply with the requirement of section 946 of the Code of Civil Procedure, which provides that an appeal does not continue in force an attachment unless an undertaking be executed and filed on the part of the appellant for that purpose.

"On the appeal Allen was granted a new trial (Allen v. Chatfield, 172 Cal. 60, [156 Pac. 47]), and, upon the retrial of the action in the lower court, judgment was entered in his favor and against Chatfield in the sum of $7,300.50. By

various assignments, the plaintiff in this action became the owner of this judgment. He made written demand upon Chatfield and the Surety Company for payment of the same, which, not having been made, and no writ of execution having been issued in the action, he brought this suit against the Surety Company to recover upon the undertaking.

"The trial court decided that the attachment issued in the action of *Allen* v. *Chatfield* was discharged, and the undertaking was released by the judgment in favor of the defendant in that action, and the failure of the plaintiff Allen to execute, and file, the undertaking provided in section 946 of the Code of Civil Procedure. It is the contention of the appellant that the bond in question was a common-law bond, executed directly to the plaintiff as a matter of first intention, and received by him in lieu of the property attached, and therefore, not a statutory undertaking subject to the provisions of the code. Respondent's position is that, regardless of the nature of the bond, whether 'statutory' or 'common law,' it was an undertaking received in the action and as such released the attached property by operation of the code sections."

This is a correct summary of the facts and claims of the parties, except for the statement that the bond "appears to be in the usual form." The bond is not in all respects in the form of the statutory bond contemplated by section 540, of the Code of Civil Procedure, the only section which is claimed to be applicable here, it being obvious that the bond was not one given in pursuance of an order of court under sections 554 and 555 of the Code of Civil Procedure. [1] Section 540 of the Code of Civil Procedure contemplates only a bond *given to a sheriff* holding a writ of attachment (see *Preston* v. *Hood,* 64 Cal. 405, 407, [1 Pac. 487]), to prevent a levy by him on property "within his county," or to procure a release of such property by him after levy, when tendered prior to his making a return on the writ. (*Hesser* v. *Rowley,* 139 Cal. 410, 413, [73 Pac. 156].) There is no such thing under section 540 of the Code of Civil Procedure as a single bond or undertaking for the release of property situate in different counties, held under levy by different sheriffs, each acting under a writ directed to him alone. (See *Kanouse* v. *Brand,* 11 Cal. App. 669, [106 Pac.

120].) The bond on its face shows that such was the situation here. It further shows on its face that the attachment is to be released only "upon the acceptance *by said plaintiff* of this undertaking." [2] The bond given to a sheriff under section 540 of the Code of Civil Procedure requires no "acceptance" by the plaintiff. The *sheriff* must accept the same if it is in proper form and the sureties are sufficient, and refrain from making the levy if he has not already made it, or release the property from attachment if he has already made the levy. In the matter of such a bond the defendant is *not dealing with the plaintiff at all,* but with the officer holding the writ, and in the exercise of rights given him by the statute. The admitted facts, established by the findings, further show that the transaction was one solely between the parties to the action, altogether without reference to the respective sheriffs, and was one looking to the release *by the plaintiff* of his then existing attachment liens in consideration of the furnishing of security acceptable to him for the payment of whatever judgment might be recovered by him. According to the findings the bond was procured by Chatfield and delivered by him to Allen "for the purpose of completing said agreement and arrangement between them." It was held in *Passow etc.* v. *United States etc.,* 177 Cal. 40, 42, [170 Pac. 1124], that the *mere fact* that such a bond *is delivered* to a plaintiff, instead of to the sheriff, and the property thereupon released from attachment, would not prevent the bond being considered as one given in pursuance of section 540 of the Code of Civil Procedure, in view of the fact that such delivery may have been "for convenience only" and the property may have been "released by the sheriff in the usual way, as upon the giving of the undertaking provided in section 540," but, in the light of the facts we have stated and what is said in the opinion in the case last cited, it is clear that the undertaking here cannot be regarded as one authorized by or intended by the parties to be given in pursuance of that section. It is conceded that it was not given in pursuance of any other statutory provision relative to attachments. Under these circumstances it must be regarded, in view of the authorities, purely as a contract between the parties entirely independent of any statute, by which the surety, for a sufficient consideration, viz., the release of the

attachment by the plaintiff, agreed to pay to the plaintiff the amount of any judgment that might be recovered by him in the action (see *Passow etc.* v. *United States etc. Co., supra*), and is enforceable as a common-law bond.

[3] This being the situation, Allen was entitled to recover upon this bond, unless his right of action thereon was destroyed by his failure when Chatfield prevailed upon the first trial of the action and he appealed, to give an undertaking for the purpose of continuing the attachment in force pending the appeal. That it was so destroyed is the main contention of defendant. This contention is based on the provision of section 946 of the Code of Civil Procedure, which declares that "an appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant," etc., conditioned that "the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained," and on section 553 of the Code of Civil Procedure, which provides that "if the defendant recovers judgment against the plaintiff, and no appeal is perfected and undertaking executed and filed as provided in section nine hundred and forty-six of this code, *any undertaking received in the action,* all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in the   sheriff's hands, must be delivered to the defendant or his agent, the order of attachment be discharged, and the property released therefrom." Special reliance is placed upon the claim that the bond here was an "undertaking received in the action," and that by reason of the provision of section 553 of the Code of Civil Procedure, requiring that "any undertaking received in the action" must be delivered to the defendant under the circumstances therein stated, the undertaking given here was discharged. It is said that the trial court "found" that the bond "was received in said action," but this is not true, as there is no such finding of fact. The specific statement to that effect is contained in the trial court's conclusions of law, and properly so contained, the court having theretofore stated in its findings of fact all the specific facts upon which it based such conclusions of law. Assuming that the provision of section 553 referred to renders worthless "any undertaking received in the action" under the circumstances

therein stated, the question whether the undertaking here was one "received in the action" within the meaning of the statute must be determined upon the specific facts found by the trial court.

However liberally we construe the words "any undertaking received in the action," we are satisfied they must be confined to such undertakings as are intended to be given in pursuance of some statutory provision relative to attachments. We can see no good reason for the delivery to the defendant of any undertaking other than one given by the *plaintiff* as a condition precedent to the issuance of the writ of attachment, and the statute might well be construed as referring to this undertaking, but however this may be, it certainly was not intended to prohibit the parties to an action from providing by contract between themselves for security for the payment of any judgment that might ultimately be given in an action, altogether regardless of the provisions of our laws relative to attachment. Such an intention to interfere with the right of private contract is not to be attributed to the legislature in the absence of language clearly compelling it. To our minds the language used compels no such conclusion. The words "any undertaking received in the action," reasonably construed, mean at most undertakings of the sort concerning which the legislature was dealing in its provisions relative to attachment; in other words, undertakings for the giving of which it was making statutory provision. Those were the only undertakings that could be *"received in the action,"* within the meaning of that phrase. It must be conceded, in view of our decisions, that various restrictions upon the right to maintain action upon bonds provided in the chapter of our Code of Civil Procedure, relative to attachments have no application to bonds not purporting to be given pursuant to any provision of such statutes. (See *Smith* v. *Fargo*, 57 Cal. 157; *Kanouse* v. *Brand*, 11 Cal. App. 669, [106 Pac. 120]. See, also, *Passow etc.* v. *United States etc. Co.*, 177 Cal. 31, [170 Pac. 1124].) Such bonds, if based on a sufficient consideration, are valid common-law obligations for the payment of money in accordance with the conditions therein expressed, altogether without reference to and independent of the statutory provisions. Whether any liability exists thereon must be determined solely by reference to the pro-

visions of the bond, which constitutes the contract between the parties. We are satisfied that neither section 946 of the Code of Civil Procedure nor section 553 of the Code of Civil Procedure can fairly be held to have any application to or effect upon such a bond. So far as we can see, the expressions in various decisions and text-books relied on by learned counsel for respondent have reference solely to undertakings purporting to be given in pursuance of some statutory provision, and are not applicable under such facts as appear in this case.

[4] There was no failure of consideration. The consideration for the giving of the bond was the immediate release of Chatfield's property from the valid attachments theretofore levied, and in return therefor the property was released by Allen and restored to the dominion and control of Chatfield. It is a case of a fully executed consideration, of which Chatfield had the full benefit.

In view of our conclusions upon the matters discussed, other points made by respondent are of no moment. Upon the facts found by the trial court plaintiff was entitled to judgment against defendant for the full amount of the bond, with interest thereon from the date of the demand, viz., April 19, 1918.

The judgment is reversed, with directions to the trial court to enter judgment upon the findings already made in favor of plaintiff and against defendant for the sum of six thousand dollars, with interest at the legal rate thereon from April 19, 1918.

Shaw, J., Olney, J., Sloane, J., Wilbur, J., Lennon, J., and Lawlor J., concurred.