[Civ. No. 4484. First Appellate District, Division One.—June 22, 1923.]

LANE MORTGAGE COMPANY (a Corporation), Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

[1] Undertaking — Release of Attachment — Common-law Bond— Return of Execution Nulla Bona.—An undertaking which recites that it is given pursuant to an agreement between the parties to an action for the release from attachment of the property of the defendants, which runs directly to the plaintiff in said action, and in which the surety by express terms agrees and promises that in case plaintiff recovers final judgment in said action it will "on demand pay to plaintiff the amount of whatever judgment may be recovered in said action," is a common-law bond, and not the statutory undertaking provided for by section 540 of the Code of Civil Procedure, and in an action on such undertaking the plaintiff is not required to show that an execution had been issued in the former action and been returned unsatisfied prior to the institution of the action on such undertaking.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lawler & Degnan for Appellant.

Lloyd W. Moultrie and E. G. Lane for Respondent.

RICHARDS, J.—The plaintiff recovered judgment against the defendant upon an undertaking given by the defendant to the plaintiff for the release from attachment of the property of certain defendants which had been attached in an action by the plaintiff against said last-named defendants and was being held by the sheriff prior to its release upon the giving of said undertaking.

[1] The sole contention which the defendants in the present action offer upon this appeal is that said undertaking was in form and effect the statutory undertaking provided under the terms of section 540 of the Code of Civil Procedure for the release of attached property by the attaching officer; and that this being so the plaintiff was not entitled to a recovery thereon in the absence of a show-

ing that an execution in said former action had been duly issued and returned unsatisfied prior to the institution of the present action. In making this contention the appellant relies upon the case of *Passow & Sons* v. *United States Fidelity etc. Co.*, 177 Cal. 31 [170 Pac. 1124], and it is conceded by the respondent that if the undertaking sued upon herein is to be held the statutory undertaking provided for in said section of the code, the above-cited case must be given full application to the case at bar and the judgment herein be reversed. The respondent, however, maintains that said undertaking is not such statutory bond, but, on the other hand, is a common-law bond given by the defendant herein directly to the plaintiff herein pursuant to an agreement between the parties to said former action as to the release of the property of the defendants therein upon the execution and delivery of said bond binding the surety company as the maker thereof directly to the plaintiff for the payment of whatever judgment was obtained by it against the defendants in said former action, and hence that the case of *Passow & Sons* v. *United States Fidelity etc. Co., supra,* has no application to the facts of the case at bar. The respondent in making this contention relies upon the case of *Kast* v. *Pacific Surety Co.*, 185 Cal. 450 [197 Pac. 339], as conclusive upon the question and we are satisfied that its contention in this regard must be sustained. The undertaking in question recites that it is given pursuant to an agreement between the parties to said former action for the release of the property attached therein. It runs directly to the plaintiff in said action and its maker by its express terms agrees and promises that in case the plaintiff recovers final judgment in said former action, ''we will on demand pay to plaintiff the amount of whatever judgment may be recovered in said action.''

The case of *Kast* v. *Pacific Surety Co., supra,* distinguishes an undertaking in this form from that under consideration in the Passow case, and upon the reasoning and authority of said more recent decision it follows that the judgment herein must be affirmed, and it is so ordered.

Tyler, P. J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1923.