[Civ. No. 6470. First Appellate District, Division One.—March 7, 1929.]

R. C. BENTINCK, Appellant, v. M. E. MENOTTI et al., Respondents.

Howard Harron for Appellant.

L. C. Pistolesi for Respondents.

NEEDHAM, J., *pro tem.*—On the nineteenth day of September, 1927, the plaintiff and appellant herein, Bentinck, was sued in the justice's court of Palo Alto township, Santa Clara County, and on the same day a writ of attachment was issued out of said justice's court and was subsequently placed in the hands of the defendant and respondent herein, M. E. Menotti, who at the time was constable of Sausalito township, in the county of Marin, and thereafter, on the twenty-sixth day of September, 1927, Menotti, as such constable, attached at Sausalito a certain automobile belonging to appellant, Bentinck.

The defendant, Menotti, as constable of Sausalito township, Marin County, after making the attachment above stated, made his return upon the writ and gave it to a clerk in the law office of the plaintiff's attorney in the justice's court action in Palo Alto, with directions to forward the same to the justice's court at Palo Alto for filing. The said writ was filed in the justice's court of Palo Alto on the twenty-fourth day of October, 1927.

On the eleventh day of October, 1927, the plaintiff and appellant herein, Bentinck, defendant in the justice's court action at Palo Alto, through his attorney, gave notice to the attorney of the plaintiff in the justice's court action that he would apply to the justice of the peace of Sausalito township, Marin County, for an order discharging the attachment, and on said day the attorney for Bentinck appeared before the justice of the peace of Sausalito township and the said justice fixed and approved an undertaking in the sum of $300 for the release of the said attachment.

It appears that said undertaking was never filed, either in the justice's court at Sausalito or in the justice's court at Palo Alto. It also appears in evidence that no application was made at any time for the fixing of an undertaking for

the release of the attachment in the justice's court at Palo Alto.

After the approval of said undertaking on the eleventh day of October, 1927, by the justice of the peace of Sausalito, the appellant on the same day presented to the defendant herein, as constable, the said undertaking and demanded the release of the attachment of the automobile, which was refused.

On the twentieth day of October, 1927, the plaintiff and appellant sued Menotti individually, and also as constable, in the superior court of Marin County, and alleged that the defendant had converted the said automobile as of the date of the eleventh day of October, 1927, and prayed for damages in the sum of $1,651.50, the alleged value thereof. The superior court of Marin County gave judgment for the defendant, Menotti, for costs, and plaintiff, Bentinck, has appealed.

■ The real question involved here is whether section 540 of the Code of Civil Procedure is applicable to proceedings in justices' courts, or whether the said section applies only to proceedings in superior courts as to the releasing of attachments. Counsel on both sides practically admit this is the real issue involved, and such was the position of the learned judge who tried the case.

Section 869 of the Code of Civil Procedure reads as follows: "The sections of this code from section 541 to section 559, both inclusive, are applicable to attachments issued in justices' courts, the word 'constable' being substituted for the word 'sheriff,' whenever a writ is directed to a constable, and the word 'justice' being substituted for the word 'judge.' "

■ It will thus be seen that section 869 of the Code of Civil Procedure does not mention section 540 of the same code. It would therefore seem to be quite plain that section 540 is excepted from the provisions of section 869 of the Code of Civil Procedure. The appellant, in his attempt to have the attachment issued out of the justice's court of Palo Alto released, instead of applying to the justice's court out of which the attachment was issued, applied to the justice's court of Sausalito township, in the county of Marin, and it is quite apparent that there is no authorization for such a procedure. ■ It is fundamental that the pro-

cedure relating to attachments is purely statutory and the statute must be strictly followed. The cases of *Hesser* v. *Rowley*, 139 Cal. 410 [73 Pac. 156], and *Doe* v. *Cramer*, 179 Cal. 722 [178 Pac. 850], are pertinent to the issues involved in this appeal. In the last-named case we quote the following language which appears in the syllabus of the case: "An attachment plaintiff has five days after *notice* of the *filing* of an undertaking under sections 554 and 555 of the Code of Civil Procedure, for the release of an attachment, within which to require justification of the sureties, until the lapse of which time, without requiring justification, the attaching officer is bound to keep the property for the benefit of the attachment plaintiff, *and he is not guilty of conversion* for failure to comply with a prior demand by the attachment defendants for the return of the property." (Italics ours.)

As stated it appears that no undertaking was *filed,* either in the justice's court at Sausalito or at Palo Alto. In the same case, from the body of the opinion, we quote the following: "The attachment plaintiff . . . had at least five days (beyond the notice of the *filing* of the undertaking) within which to require justification. Until he suffered that time to pass without requiring justification the constable was bound to keep the property for the benefit of the attachment plaintiff."

No other points require discussion. Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.