[Civ. No. 5095. Third Appellate District.—May 8, 1934.]

H. O. JONES, Respondent, v. CHARLES C. L. LESLIE et al., Appellants.

H. H. Harris and Davied E. Field for Appellants.

Hill, Morgan & Bledsoe, Charles P. McCarthy and W. M. Farrer for Respondent.

RANKIN, J., *pro tem.*—This is an action to recover judgment upon an undertaking given by defendants as sureties for Balboa Motor Corporation, a corporation, to obtain the release of property attached and prevent the further levy of a writ of attachment issued out of the Superior

Court of Orange County, in an action wherein H. O. Jones was plaintiff and Balboa Motor Corporation, a corporation, was defendant. The bond was given before the return of the writ by the sheriff and pursuant to the provisions of section 540 of the Code of Civil Procedure. Said bond, after reciting the issue and levy of the execution, and that the defendant was desirous of having its property released from the attachments, by its terms bound the defendants to the effect that, in consideration of the release from said attachment of the property levied upon, said sureties do jointly and severally undertake in the sum of $10,600 and promise that, in case plaintiff recover judgment, they will on demand pay to plaintiff the amount of such judgment, together with interest and costs. The bond was entitled in the action in which the writ of attachment was issued and was executed February 27, 1925, and on the same date approved by the judge and filed by the clerk of the court in said action. March 11, 1925, the sheriff made return on said writ of attachment, certifying as follows:

"I hereby certify that I received the within writ of attachment on the 21st day of February, 1925, and the defendant having given me a bond, as required in said writ, in an amount sufficient to satisfy the demand besides costs, I herewith return this writ of attachment without further service."

Appellants contend that the undertaking sued upon is not a statutory bond because it was never delivered to the sheriff and that it never became effective as a common-law bond as it was never delivered to the plaintiff. It is conceded that the bond was not given pursuant to an order of release of attachment as provided in sections 554 and 555 of the Code of Civil Procedure, applicable when the writ of attachment has already been returned by the sheriff. Therefore, if the bond is effective as a statutory bond, it was given pursuant to section 540 of the Code of Civil Procedure. The only objection to it as such statutory bond is that it was not physically delivered to the sheriff. No statutory provision relating to delivery of the bond other than that found in said section 540 is cited.

The evidence as to the delivery of the bond consisted of the record showing it was filed in the pending · action by the clerk of the court; the testimony of the witness, Earl

Abbey, deputy county clerk of Orange County, to the effect that he was the custodian of the records and files in the action of *Jones* v. *Balboa Motor Corporation,* in which action the writ of attachment was issued; that he does not know of any instructions given to his office as to what to do with the bond; the testimony of defendant, Charles C. L. Leslie, to the effect that his name appears on the bond; that at the time the bond was filed he gave no instructions to the clerk as to what to do with it; that he never instructed anyone to deliver it to the sheriff, and on cross-examination he stated:

"I signed the bond in the Court House of Orange County. The best of my recollection is that I was there before the judge and answered certain questions about the sufficiency of my property, so as to entitle .me to become a surety. My recollection is that after the court asked me the questions I signed the bond in the Court House at Santa Ana and was there when the court approved it and then the court or the clerk of the court handed the undertaking to Mr. O. W. Hines, who was the president of the Balboa Motor Corporation. I do not know what Mr. Hines did with it."

Also defendant C. D. Lesher testified that he had no conversation about the bond with the sheriff, and that he gave the county clerk of Orange County no instructions to deliver it either to the sheriff or to Mr. Jones, the plaintiff.

Upon this showing we are entitled to infer that O. W. Hines, president of the Balboa Motor Corporation, for whose benefit the bond was given, delivered it to the clerk for filing.

Delivery is always a question of intention which must be that the instrument shall be operative. The defendants, it appears from the testimony, knew what the bond was for. They signed and executed the bond for the purpose of preventing any further service of the writ and to secure the release of property already levied upon. The record sufficiently shows that the sheriff was informed of the execution of the bond and that it accomplished its purpose. A bond given under the provisions of said section 540 requires no formal acceptance by the sheriff. (*Kast* v. *Pacific Surety Co.,* 185 Cal. 450 [197 Pac. 339].) No case is cited to us

which deals with the technical question as to the necessity of physical delivery of the bond to the sheriff. However, the principle involved is discussed in the case of *Passow & Sons* v. *United States Fidelity & Guar. Co.*, 177 Cal. 31 [170 Pac. 1124, 1129]. In that case a bond given pursuant to section 540 was delivered to the plaintiff, and not to the sheriff, and in considering an objection that the bond was invalid because not delivered, the court said:

"In the present case all that appears is that the undertaking was 'executed and delivered' to the plaintiff, and that thereupon the attachment was discharged and the property released. The undertaking is set out in full in the complaint and in the findings. It is entitled in the action and merely promises that if the plaintiff recover judgment, the surety will on demand pay the amount thereof to the plaintiff. It was executed and delivered to the plaintiff only in the sense that it was passed to the plaintiff instead of to the sheriff. It does not appear that the plaintiff himself released the property, but only that upon such delivery the property was released. So far as appears, the delivery to the plaintiff was for convenience only, and the property was released by the sheriff in the usual way, as upon the giving of the undertaking provided in section 540. This being the case, it should be regarded as an undertaking given in pursuance of that section, and as governed, with respect to a suit thereon, by the provisions of section 552."

The bond in question, having been properly executed, approved by the court, filed in the action, and acted upon by the sheriff, there was in our opinion a substantial delivery of the bond, and it was valid and operative as a statutory bond.

Appellant next contends that no evidence was offered to prove that the attachment was released. There is no merit in this contention as the return of the sheriff is sufficient to indicate that he had knowledge of the bond and recognized its legal effect. The testimony of the defendants sufficiently shows that, subsequent to the return made by the sheriff on the writ of attachment, all the property of the Balboa Motor Corporation was accounted for and disposed of by the officers of that corporation.

After a careful examination of the record we are satisfied that the evidence is sufficient to support the findings and judgment.

For the reasons herein stated the judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.