(No. 5356.  June 5, 1930.)

CHRISTIAN HAFFNER, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, and D. B. JEFFRIES, Respondents.

[288 Pac. 1071.]

C. O. Benting, for Appellant.

Peterson, Baum & Clark, for Respondents.

McNAUGHTON, J.—This is an action against a sheriff and his official bondsmen. Two causes of action are set forth in the complaint.

In the first cause of action plaintiff seeks to recover $750 for the wrongful conversion by the sheriff of personal property. In the second cause of action plaintiff seeks to recover $3,000, alleged damages for false arrest and imprisonment.

Defendants filed a general demurrer on the ground that the complaint fails to state a cause of action. Later defendants filed a special demurrer on the ground of misjoinder of causes of action. Plaintiff moved to strike the special demurrer as filed too late and without permission of the court first had. The record contains no written order on the motion to strike, but the court minutes in the record show the special demurrer was set for hearing. An order was entered sustaining the demurrer. It was on the ground that the facts alleged in the first count were not sufficient to constitute a cause of action against the surety, and therefore the court found a misjoinder of causes of action. The court gave the plaintiff thirty days in which to amend. Upon plaintiff's failure to amend, and upon his statement that he did not wish to amend, judgment was entered dismissing the complaint. The case is here on appeal from the judgment of dismissal.

Appellant assigns as error the court's failure to strike the special demurrer, and error in sustaining it and entering judgment of dismissal. Setting the special demurrer for hearing in effect overruled the motion to strike.

The court ruled that in the first count no cause of action was stated against the surety company. If it was right in this, clearly there was a misjoinder of causes of action, because the parties defendant would then not be the same in both causes. In arriving at this conclusion the court held that the defendant Jeffries was not acting in his official capacity in taking possession of the personal property; that at most he was acting in color of office as distinguished from acting in virtue of office as that distinction is made in the courts.

This case was before this court for review of an order denying defendants' motion for a change of venue. (*Haffner v. United States Fidelity & Guaranty Co.*, 35 Ida. 517, 207 Pac. 716.) On the examination of the case made on the appeal the court found the first cause of action was against only the sheriff personally, as the conversion complained of was not in virtue of office. The court found the second count stated a cause of action against the defendants for wrongful official acts. We do not think the opinion of the appellate court as to the nature of the first cause of action was essential to the decision of the matter before the court, since the venue was determined by the second count.

We have noted the complaint has been amended since the case was before this court on change of venue. But the cause of action has not been changed. The writ upon which the sheriff acted in arresting the plaintiff and taking possession of the personal property was attached to the complaint when the case was on appeal before. The ultimate facts then were alleged as they are now. The omission of certain adverbs and adding the fact that the complaint upon which the warrant issued alleged the personal property in question was the property claimed to have been stolen, we think does not change the case.

It is claimed by appellant that a sheriff has the right and duty to take possession of goods stolen or alleged to have been stolen. In support of this claim he cites C. S., sec. 9192, which provides:

"When property, alleged to have been stolen or embezzled, comes into the custody of a peace officer, he must hold it subject to the order of the magistrate authorized by the next section to direct the disposal thereof."

We think a sheriff, as such officer, might in virtue of office come into the possession of such property, but the complaint does not allege the property in question was seized as that kind of property. Even if it did the sheriff's possession of it would not constitute conversion until and unless he refused to return the same after the order contemplated by C. S., sec. 9192, had been procured.

The first count of the complaint, if it states any cause of action at all even against the sheriff personally, is based on the theory that the wrongful act was the seizure and conversion of this personal property, not failure to return it, for this would be due only upon order of the magistrate who issued the warrant of arrest. The ruling of the trial court to the effect that the first count stated no cause of action against the surety was correct, and therefore his conclusion that there was a misjoinder of causes of action was correct. The appellant should have amended by electing whether he would proceed against both parties on the second count or against the sheriff alone on both counts. We find no error in the record.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.